DECISION AND JUDGMENT ENTRY
{¶ 1} This is an appeal from a Scioto County Common Pleas Court judgment of conviction and sentence. A jury found Jamie M. Hoover, defendant below and appellant herein, guilty of (1) theft in violation of R.C. 2913.02; (2) misuse of credit cards in violation of R.C. 2913.21; and (3) telecommunications fraud in violation of R.C. 2913.05.
 {¶ 2} Appellant assigns the following errors for review:
 FIRST ASSIGNMENT OF ERROR:
 "DEFENDANT'S CONVICTION IS MANIFESTLY AGAINST THE WEIGHT OF THE EVIDENCE AND MUST BE OVERTURNED." *Page 2 
 SECOND ASSIGNMENT OF ERROR:
 "THE FAILURE OF THE TRIAL COURT TO REQUIRE THE JURY TO ENTER FINDINGS AS TO THE AMOUNT OF MONEY FOUND TO HAVE BEEN `UNAUTHORIZED' CONSTITUTES REVERSIBLE ERROR."
 {¶ 3} Wanda Newman is a seventy year old resident at "Heritage Square," an assisted living facility in New Boston. Appellant was previously employed at Heritage Square and she and Newman became "friends." At some point, Newman apparently gave appellant her bank (ATM) card to shop for her and, against company policy, appellant accepted the card. Appellant thereafter purchased items that Newman needed, as well as some items that appellant apparently needed.
 {¶ 4} On August 30, 2006, the Scioto County Grand Jury returned an indictment charging appellant with theft, misuse of a credit card and telecommunications fraud. At trial, Newman testified to various withdrawals that appellant made from Newman's account. Newman further stated that appellant did not have permission to make those withdrawals and that she did not receive the money or the items purchased with her money.
 {¶ 5} Appellant did not deny that she used Newman's bank card, but stated that she had Newman's permission and that some of the transactions were actually gifts or loans. Appellant also admitted that some of Newman's furniture and appliances were now in her home.
 {¶ 6} The jury found appellant guilty of all three charges and the trial court sentenced appellant, inter alia, to serve five years community control, thirty days in the county jail and to pay $540 in restitution. This appeal followed. *Page 3 
 I {¶ 7} Appellant's first assignment of error asserts that her conviction is against the manifest weight of the evidence. Her argument, however, is actually constructed to challenge the sufficiency of the evidence. These are conceptually different issues. See State v.Johnson (2000), 88 Ohio St.3d 95, 112, 723 N.E.2d 1054; State v.Thompkins (1997), 78 Ohio St.3d 380, 678 N.E.2d 541, at paragraph two of the syllabus.
 {¶ 8} When reviewing the sufficiency of the evidence, appellate courts must look to the adequacy of evidence and whether that evidence, if believed, supports a finding of guilt beyond a reasonable doubt. SeeThompkins, supra at 386; State v. Jenks (1991), 61 Ohio St.3d 259, 273,574 N.E.2d 492. In other words, after viewing all of the evidence and each inference reasonably drawn therefrom in the light most favorable to the prosecution, the issue is whether any rational trier of fact could have found all essential elements of the offense beyond a reasonable doubt. State v. Hancock, 108 Ohio St.3d 57, 840 N.E.2d 1032,2006-Ohio-160, at ¶ 34; State v. Jones (2000), 90 Ohio St.3d 403, 417,739 N.E.2d 300.
 {¶ 9} In reviewing a claim that a verdict is against the manifest weight of the evidence, an appellate court may not reverse the conviction unless it is obvious that the trier of fact lost its way and created such a manifest miscarriage of justice that the conviction must be reversed and a new trial ordered. See State v. Earle (1997),120 Ohio App.3d 457, 473, 698 N.E.2d 440; State v. Garrow (1995),103 Ohio App.3d 368, 370-371, 659 N.E.2d 814; State v. Bowers, Hocking App. No. 06CA7,2007-Ohio-3986, at ¶ 38. After our careful review of the trial transcript and the evidence adduced at trial, we conclude that under either standard no reversible error exists. Moreover, as *Page 4 
appellee aptly notes in its brief, appellant does not challenge the conviction for telecommunications fraud. Rather, her challenge involves the theft and misuse of credit card convictions, and only to the extent of whether the evidence supports the claim that the amount of such crimes exceeded $500.[1]
 {¶ 10} Although Newman's testimony is, admittedly, somewhat confusing, our review of the transcript reveals the following evidence of withdrawals that Newman claims were made from her account: (1) $140 on or about June 13th[2]; (2) $60 on June 15th; (3) $20 on June 19th; (4) $40 on June 27th; (5) $80 on July 3rd; (6) $140 on July 5th; and (7) $160 (in two separate withdrawals) on July 6th. By our calculations, these amounts ($640) exceed the amount necessary to elevate the offense to a fifth degree felony. Thus, sufficient evidence exists to support the jury verdicts.
 {¶ 11} The question whether the verdicts are against the manifest weight of the evidence involves a resolution of conflicting evidence. We acknowledge that appellant contradicted Newman's testimony and claimed that some of the withdrawals were gifts. However, questions of weight and credibility must be determined by the trier of fact. State v.Dye (1998), 82 Ohio St.3d 323, 329, 695 N.E.2d 763; State v.Frazier (1995), 73 Ohio St.3d 323, 339, 652 N.E.2d 1000. The jury, as the trier of fact, is free to believe all, part or none of the testimony of any witness who appears before it. See State v. Long (1998),127 Ohio App.3d 328, 335, 713 N.E.2d 1; State v. Nichols (1993), *Page 5 85 Ohio App.3d 65, 76, 619 N.E.2d 80. We also recognize that the jury is in the best position to view witnesses and to observe their demeanor, gestures and voice inflections, and to use those observations to assess credibility. See Myers v. Garson (1993), 66 Ohio St.3d 610, 615,614 N.E.2d 742; Seasons Coal Co. v. Cleveland (1984), 10 Ohio St.3d 77, 80,461 N.E.2d 1273. Thus, appellate courts should not generally second guess a jury's decision on questions of evidentiary weight and witness credibility. See State v. Vance, Athens App. No. 03CA27, 2004-Ohio-5370, at ¶ 10; State v. Baker (Sep. 4, 2001), Washington App. No. 00CA9.
 {¶ 12} In the case sub judice, the jury assessed witness credibility and obviously found Newman's testimony more credible than appellant's testimony. This is the jury's function, and we see no reason to disturb that conclusion.
 {¶ 13} Accordingly, based upon the foregoing reasons, we hereby overrule appellant's first assignment of error. We note, however, that our resolution of appellant's first assignment of error must be viewed in conjunction with our resolution of appellant's second assignment of error.
 II {¶ 14} Appellant asserts in her second assignment of error that the trial court erred by failing to require the jury to complete an interrogatory to answer exactly what amount of money had been taken from Newman. Although we disagree with appellant's precise argument, for the reasons that follow we believe that appellant's sentence must be vacated and the matter remanded for further proceedings.
 {¶ 15} Appellant asserts that the criminal offenses involved in the case sub judice are misdemeanor offenses, unless the value of the property exceed five hundred *Page 6 
dollars. See R.C. 2913.02(A)(1) and (2) and 2913.21(B)(2) and (D)(3). Thus, appellant argues, it is imperative that the jury render a finding as to the specific dollar amount involved in the offense.
 {¶ 16} Recently, in State v. Huckleberry, Athens App. No. 07CA3142,2008-Ohio-1007, at paragraphs 17-25, we addressed a situation similar to the issue in the case at bar:
 "{¶ 17} Huckleberry contends in his second assignment of error that the trial court erred when it convicted him of two felonies of the first degree. He asserts that the wording of the verdict forms only support verdicts for a misdemeanor of the third degree and a felony of the fifth degree.
 {¶ 18} Huckleberry failed to object to the verdict forms in the trial court. However, a defendant's failure to `raise the inadequacy of the verdict form' does not forfeit this argument on appeal. State v. Pelfrey, 112 Ohio St.3d 422, 2007-Ohio-256, ¶ 14.
 {¶ 19} Here, the wording in issue on the verdict forms provided as follows: Form One: `We the jury, being duly impaneled, hereby find the defendant guilty of Count 1, Possession of Drugs.' Form Two: "We the jury, being duly impaneled, hereby find the defendant guilty of Count 2, Trafficking in Drugs."
 {¶ 20} Huckleberry maintains that this wording does not meet the requirements for felonies of the first degree. In support, he cites R.C. 2945.75(A)(2) and Pelfrey, supra.
 {¶ 21} R.C. 2945.75(A)(2) provides, `When the presence of one or more additional elements makes an offense one of more serious degree * * * [a] guilty verdict shall state either the degree of the offense of which the offender is found guilty, or that such additional element or elements are present. Otherwise, a guilty verdict constitutes a finding of guilty of the least degree of the offense charged.'
 {¶ 22} Here, a misdemeanor of the third degree is the least degree of a possession of drugs conviction. See R.C. 2925.11(C)(2)(a). Likewise, a felony of the fifth degree is the least degree of a trafficking in drugs conviction. See R.C. 2925.03(C)(2)(a).
 {¶ 23} In Pelfrey, the Supreme Court of Ohio interpreted R.C. 2945.75(A)(2) and held that `a verdict form signed by a jury must include either the degree of the offense of which the defendant is convicted or a statement that an aggravating element has been found to justify convicting a defendant of a greater degree of a criminal offense.' Id. at syllabus.
 ¶ 24} Here, the two verdict forms failed to specify the statutory section of the offense or specifically set forth the degree of the crime *Page 7 
charged. In addition, the verdict forms contained nothing regarding any aggravating element, i.e., that the substance was either crack cocaine or that it exceeded a certain weight. While the state presented evidence that the drug involved was crack cocaine, the jury made no specific finding in that regard. Further, although the state presented evidence that the amount of crack cocaine involved exceeded twenty-five grams, the jury made no specific finding in that regard. Therefore, the possession of drugs verdict supports a misdemeanor of the third degree conviction, and the trafficking in drugs supports a felony of the fifth degree conviction. Consequently, the trial court erred when it found Huckleberry guilty of two felonies of the first degree.
 {¶ 25} Accordingly, we sustain Huckleberry's second assignment of error; vacate his two sentences and the part of his convictions for possession and trafficking involving the degree of each of the two offenses; and remand this cause to the trial court for further proceedings consistent with this opinion."
In the case sub judice, the trial court's verdict forms failed to specifically set forth either the degree of the crimes charged or the amount of money involved in the offense. We recognize, however, that the prosecution presented ample evidence to support its theory that appellant committed felony theft offenses. Nevertheless, the verdict forms did not require the jury to make a specific finding in that regard. Thus, the verdicts the jury rendered support misdemeanor convictions, and the trial court erred when it found appellant guilty of two felony offenses. We point out that Pelfrey requires this course of action and we, as an intermediate appellate court, are obligated to follow Ohio Supreme Court decisions, regardless of our own view on the matter.
 {¶ 17} Accordingly, we hereby sustain appellant's second assignment of error, vacate her sentences and remand this matter to the trial court for further proceedings consistent with this opinion.
JUDGMENT REVERSED AND THE MATTER REMANDED FOR FURTHER PROCEEDINGS CONSISTENT WITH THIS OPINION *Page 8 
 JUDGMENT ENTRY
It is ordered that the judgment be reversed and the matter remanded for further proceedings consistent with this opinion. Appellant shall recover of appellee the costs herein taxed.
The Court finds there were reasonable grounds for this appeal.
It is ordered that a special mandate issue out of this Court directing the Scioto County Common Pleas Court to carry this judgment into execution.
A certified copy of this entry shall constitute that mandate pursuant to Rule 27 of the Rules of Appellate Procedure.
Abele, P.J. McFarland, J.: Concur in Judgment Opinion
Kline, J.: Concurs in Judgment Opinion as to Assignment of Error II and Concurs in Judgment Only as to Assignment of Error I
[1] When the value of property exceeds $500, theft is a fifth degree felony rather than first degree misdemeanor. R.C. 2913.02 (B)(2). Similarly, if the value of property obtained through the misuse of a credit card exceeds $500, then the crime is a fifth degree felony rather than a first degree misdemeanor. R.C. 2913.21(D)(3).
[2] All, or part, of this money was apparently used to buy new "struts" for appellant's car. *Page 1