[Cite as *State v. Vogelsong*, 2025-Ohio-5107.]

COURT OF APPEALS
COSHOCTON COUNTY, OHIO
FIFTH APPELLATE DISTRICT

| | |
|---|---|
| STATE OF OHIO, | Case No. 2025CA0001 |
| Plaintiff - Appellee | <u>Opinion And Judgment Entry</u> |
| -vs- | Appeal from the Coshocton County Court of Common Pleas, Case No. 2024CR0056 |
| AMANDA VOGELSONG, | |
| Defendant – Appellant | Judgment:   Affirmed |
| | Date of Judgment Entry: November 6, 2025 |

**BEFORE:** Craig R. Baldwin; William B. Hoffman, Robert G. Montgomery, Judges

**APPEARANCES:** CHRISHANA L. CARROLL, for Plaintiff-Appellee; TODD W. BARSTOW, for Defendant-Appellant.

OPINION

*Montgomery, J.*

**STATEMENT OF THE CASE**

{¶1}   Amanda Vogelsong (hereinafter "Vogelsong") was indicted in the Coshocton County Court of Common Pleas on June 24, 2024, on one count of Breaking and Entering in violation of R.C. 2911.13(A).

{¶2}   Vogelsong was arraigned on August 26, 2024, and entered a plea of not guilty.

{¶3}   A jury trial was held on November 14, 2024, and the jury returned a verdict of guilty on November 15, 2024.

{¶4}   The trial court sentenced Vogelsong on December 23, 2024.

**{¶5}** Vogelsong filed a timely appeal and asserts the following assignment of error:

**{¶6}** "I. THE TRIAL COURT ERRED AND DEPRIVED APPELLANT OF DUE PROCESS OF LAW AS GUARANTEED BY THE FOURTEENTH AMENDMENT TO THE UNITED STATES CONSTITUTION AND ARTICLE ONE SECTION TEN OF THE OHIO CONSTITUTION BY FINDING HER GUILTY OF BREAKING AND ENTERING, AS THAT VERDICT WAS NOT SUPPORTED BY SUFFICIENT EVIDENCE AND WAS ALSO AGAINST THE MANIFEST WEIGHT OF THE EVIDENCE."

## STANDARD OF REVIEW

**{¶7}** The legal concepts of sufficiency of the evidence and weight of the evidence are both quantitatively and qualitatively different. *State v. Thompkins*, 78 Ohio St.3d. 380, 385 (1997).

**{¶8}** "With respect to sufficiency of the evidence, 'sufficiency' is a term of art meaning that legal standard which is applied to determine whether the case may go to the jury or whether the evidence is legally sufficient to support the jury verdict as a matter of law." *Id*., p. 386, citing Black's Law Dictionary (6 Ed.1990).

**{¶9}** "A court of appeals may determine that a judgment of a trial court is sustained by sufficient evidence, however, that court may nevertheless conclude that the judgment is against the weight of the evidence." *Id.*

**{¶10}** "Weight of the evidence concerns 'the inclination of the *greater amount of credible evidence*, offered in a trial, to support one side of the issue rather than the other. It indicates clearly to the jury that the party having the burden of proof will be entitled to their verdict, if, on weighing the evidence in their minds, they shall find the *greater*

*amount of credible evidence* sustains the issue which is to be established before them. Weight is not a question of mathematics but depends on its *effect in inducing belief.*' " *Id*., p. 387, citing Black's, *supra*, at 1594.

{¶11} "The court, reviewing the entire record, weighs the evidence and all reasonable inferences, considers the credibility of witnesses and determines whether in resolving conflicts in the evidence, the jury clearly lost its way and created such a manifest miscarriage of justice that the conviction must be reversed and a new trial ordered. The discretionary power to grant a new trial should be exercised only in the exceptional case in which the evidence weighs heavily against the conviction." *State v. Martin*, 20 Ohio App.3d 172, 175 (1983).

### ANALYSIS

{¶12} Vogelsong was charged with one count of breaking and entering. R.C. 2911.13(A) states, "No person by force, stealth, or deception, shall trespass in an unoccupied structure, with purpose to commit therein any theft offense, as defined in section 2913.01 of the Revised Code, or any felony."

{¶13} The evidence the jurors considered in making their decision consisted of testimony from Casey Albright, Brandon Smith, Jeffrey Hostetler, Cheryl Cole and Seth Andrews and photos from a trail camera.

{¶14} Casey Albright (hereinafter "Albright") provided testimony that she drove her car with Vogelsong and two others to Township Rd. 251 on April 27, 2024. *Trial Transcript*, p. 120.

**{¶15}** The property at Township Rd. 251 is owned by Cheryl Cole (hereinafter "Cole"). There is a house and another building located on this property.[1]

**{¶16}** Albright testified that while at Cole's property, she served as a lookout while Vogelsong and the two men made multiple trips from the property to her car carrying items that did not belong to them. *Id.*, p. 125.

**{¶17}** Jeffrey Hostetler (hereinafter "Hostetler"), a friend of Cole, saw Albright's car on Cole's property that morning and asked her what she was doing. Albright lied to Hostetler and told him that she was having car trouble and was waiting for help. Hostetler did not believe Albright, took a picture of Albright's license plate and called Cole.

**{¶18}** Albright testified that after Hostetler left, she approached the house to notify Vogelsong and the two men that the police may be on their way and they left the property.

**{¶19}** Prior to April 27, 2024, Cole's property had been broken into, so Hostetler installed two trail cameras.

**{¶20}** The trail cameras recorded four pictures on the morning of April 27, 2024. *State's Exhibits*, Nos. 4, 5, 6 and 7.

**{¶21}** Albright testified that one of the pictures shows Vogelsong running from the house. *Id.*, p. 143.

**{¶22}** Albright testified that she did not see Vogelsong go into the garage at Twp. Rd. 251 but saw her "[b]ringing things from that area to my car." *Id.*

**{¶23}** Albright stated she did not see Vogelsong go into the home but saw her come out the front door. *Id.*, p. 126.

---

[1] This building was called both a garage and a spring house by the various witnesses.

**{¶24}** Albright stated that she saw Vogelsong and the two men make five to ten trips from the garage located at Township Rd. 251 to her car. *Id.*, p. 125.

**{¶25}** When Albright was asked, "Could you see specifically what they were carrying?" She replied, "I noticed log chains." *Id.*, p. 126.

**{¶26}** Vogelsong argues, "It was only Albright that identified Vogelsong as a participant, no other evidence links her to this affair." *Appellant Brief*, p. 4.

**{¶27}** However, the State submitted photographic evidence from the trail cameras located on Cole's property. *State's Exhibits*, Nos. 4, 5, 6 and 7.

**{¶28}** The jury considered this evidence and was able to draw their own conclusion as to the identity of the people in the pictures.

**{¶29}** Albright testified that she took the stolen items to Litty's Scrapyard. This testimony was corroborated by Brandon Smith (hereinafter "Smith"), an employee with Litty's Scrapyard, who stated Albright brought sheet iron and electronic motors to his store to be scrapped. *Trial Transcript*, pp. 186, 187. Smith testified that log chains can fall under the commodity of sheet iron. *Id.*

**{¶30}** Albright was not truthful about the events that occurred on April 27, 2024, when she was initially interviewed by law enforcement. *Id.*, p. 238. However, Sergeant Seth Andrews testified that the testimony she gave at the jury trial was consistent with the interview she did with law enforcement on April 30, 2024. *Id.*

**{¶31}** Lastly, Vogelsong argues that the testimony of Albright is not credible because, "She was not prosecuted at all in exchange for her cooperation." *Appellant Brief*, p. 3.

**{¶32}** The Supreme Court of Ohio has stated, "In either a criminal or civil case the weight to be given the evidence and the credibility of the witnesses are primarily for the trier of the facts." *State v. DeHass*, 10 Ohio St.2d 230, 231 (1967).

**{¶33}** The jury, as the trier of fact, is free to believe all, part or none of the testimony of any witness who appears before it. *State v. Hoover*, 2008-Ohio-6136, ¶11 (4th Dist.), citing *State v. Long*, 127 Ohio App.3d 328, 335 (1988).

**{¶34}** "A reviewing court must give great deference to the jury's determination of witness credibility. This is so because the jury is best able to view the witnesses and observe their demeanor, gestures, and voice inflections, and use these observations in weighing the credibility of the proffered testimony." *State v. Cowans*, 2020-Ohio-5250, ¶1 (10th Dist.).

**{¶35}** In the case at hand, the jury heard the testimony of the witnesses and viewed all the evidence, deliberated, and found Vogelsong guilty of breaking and entering.

**{¶36}** After reviewing the entire record, weighing the inferences and examining the credibility of witnesses, we cannot say that this is the exceptional case where the jury clearly lost its way and created a manifest miscarriage of justice in finding Vogelsong guilty. Accordingly, Vogelsong's sole assignment of error is overruled.

## CONCLUSION

{¶37} Based upon the foregoing, we find that Vogelsong's conviction on the charge of breaking and entering was supported by sufficient evidence and was not against the manifest weight of the evidence. Accordingly, Vogelsong's sole assignment of error is overruled, and the judgment of the Coshocton County Court of Common Pleas is hereby affirmed.

{¶38} Costs to Appellant.

By: Montgomery, J.

Baldwin, P.J. and

Hoffman, J. concur.