JOURNAL ENTRY AND OPINION
{¶ 1} Defendant-appellant, Terry Glass, appeals from the trial court's judgment, rendered after a bench trial, finding him guilty of breaking and entering, vandalism, and possessing criminal tools, and sentencing him to nine months incarceration. We affirm.
 {¶ 2} A Cuyahoga County Grand Jury indicted Glass on a four-count indictment which charged burglary, in violation of R.C. 2911.12; vandalism, in violation of R.C. 2902.05; theft, in violation of R.C.2913.02; and possessing criminal tools, in violation of R.C. 2923.24.
 {¶ 3} Glass pled not guilty and waived his right to a jury, and the matter was tried to the bench. Two witnesses testified for the State. Matthew Mackura testified that he is the inventory manager for Federal Equipment Company, a company that buys and sells used industrial machinery. On the afternoon of June 16, 2006, he went to one of Federal Equipment's warehouses to photograph a machine.
 {¶ 4} Upon entering the building, Mackura saw a man he did not recognize and called out to him. When the man did not respond, Mackura approached him and asked him what he was doing there. The man, who had tools that appeared to be pliers or cutters in his hands, responded, "I don't want any trouble," then turned, ran up a ladder, and climbed out a broken window. Upon closer inspection, Mackura saw copper parts from one of Federal Equipment's machines on the floor close to where the man had been standing. *Page 4 
 {¶ 5} Mackura then called his supervisor, Edward Nehez, vice-president of operations at Federal Equipment, and told him what had happened. Nehez was at Federal Equipment's main location, approximately one-half to a mile away from the building Mackura was in, and told Mackura that he would immediately come to meet him. As Nehez was driving to meet Mackura, he called Mackura back and asked for a description of the intruder.
 {¶ 6} As Mackura described the intruder, Nehez saw a man who matched Mackura's description walking down the street. After confirming the description with Mackura, Nehez stopped his truck, got out, approached the man, and asked him, "[w]hat were you doing in my building?" According to Nehez, the man's posture and response were "a little aggressive," so Nehez pulled out his gun (for which he has a permit) and told the man to "hit the ground."
 {¶ 7} Nehez then called Mackura, and told him to meet him there. When Mackura arrived, he told Nehez that the man on the ground, later identified as Glass, was "[absolutely" the man who had been in Federal Equipment's warehouse. Nehez then called the police. When Glass got up off the ground after the police arrived, Mackura saw that Glass had been lying on the tools that Mackura had earlier seen him holding.
 {¶ 8} Both Mackura and Nehez testified that the machine from which the copper parts had been removed was operable prior to the incident. They testified further that there were two similar machines in the warehouse at the time of the *Page 5 
incident and that Federal Equipment sold the undamaged machine for $31,500, but was able to sell the damaged machine for only $12,500.
 {¶ 9} Although Glass admitted that he had been in prison numerous times for theft offenses, he denied being in Federal Equipment's building that day. He testified that he was on his way to visit his daughter, who lives in the area, when a man pulled up in a truck, pointed a gun at him, told him, "I'm tired of you people breaking in my building," and ordered him to the ground. Glass said that he had been shot previously, so when the man pulled out a gun, he complied with the man's order.
 {¶ 10} At the close of the State's case, the trial court granted Glass's Crim.R. 29(A) motion for acquittal in part and reduced the burglary charge to breaking and entering and dismissed the theft charge. The trial court subsequently found Glass guilty of breaking and entering, vandalism, and possessing criminal tools, and sentenced him to nine months incarceration on each count, to be served concurrently. This appeal followed.
 {¶ 11} The Sixth Amendment's Confrontation Clause grants the accused the right "to be confronted with the witnesses against him." The right to confrontation is implicated by hearsay. State v. Sims, Cuyahoga App. No. 89261, 2007-Ohio-6821, at ¶ 5. In his first assignment of error, Glass contends that the trial court allowed inadmissible hearsay in violation of his right to confront his accusers. Specifically, Glass contends that with respect to his conviction for vandalism, the only evidence *Page 6 
regarding the value of the property (sufficient to convert what is normally a fifth degree felony to a felony of the fourth degree)[1]
was hearsay, in violation of his confrontation right. We disagree.
 {¶ 12} Hearsay is a statement, other than one made by the declarant while testifying at trial, offered in evidence to prove the truth of the matter asserted. Evid.R. 801(C). Here, both Mackura and Nehez testified at trial that the undamaged machine was sold for $31,500 and the damaged machine was sold for $12,500. Neither of them attributed their knowledge about the sale to anyone else nor claimed that their knowledge came from what someone else had told them. How they came to their knowledge is not in the record, although Nehez testified that "we sold" the equipment approximately one month prior to trial and Mackura testified that the name of Federal Equipment's owner was on the order as salesperson. Glass's assertion that Mackura's and Nehez's knowledge about the value of the machines was not based on their personal knowledge is only speculation. On this record, we can not conclude that their testimony was inadmissible hearsay. Because counsel had the opportunity to cross-examine Mackura and Nehez, we find no violation of Glass's Sixth Amendment confrontation rights.
 {¶ 13} Appellant's first assignment of error is overruled. *Page 7 
 {¶ 14} With respect to his convictions for vandalism and possessing criminal tools, in his second assignment of error, Glass contends that the trial court erred because it did not state the degree of the offenses of which it found him guilty, nor indicate that it had found him guilty of degree-enhancing elements of the crimes.
 {¶ 15} R.C. 2945.75(A)(2) requires that a guilty verdict state either the degree of the offense of which an offender is found guilty, or that the additional elements that make an offense one of a more serious degree are present. If neither is included, R.C. 2945.75(A)(2) directs that "a guilty verdict constitutes a finding of guilty of the least degree of the offense charged." In State v. Pelfrey, 112 Ohio St.3d 422,2007-Ohio-256, at T|14, the Ohio Supreme Court held that under the "clear language" of R.C. 2945.75, a verdict form signed by a jury must include either the degree of the offense of which the defendant is convicted or a statement that an aggravating element has been found to justify convicting a defendant of a greater degree of a criminal offense. Interpreting R.C. 2945.75(A), the Supreme Court held further that an unspecified guilty verdict can only constitute a finding of guilty as to the least degree of the offense charged. Id.
 {¶ 16} Glass was convicted of vandalism, in violation of R.C. 2909.05, and possessing criminal tools, in violation of R.C. 2923.24. Both of these statutes contain degree-enhancing provisions, depending upon the facts. As stated earlier, under R.C. 2909.05(E), vandalism is a fifth degree felony, but if the value of the property or amount of physical harm involved is more than $5,000 but less than *Page 8 
$100,000, it is a fourth degree felony. If the value of the property or the amount of harm involved is $100,000 or more, vandalism is a felony of the third degree. Likewise, under R.C. 2923.24(C), possession of criminal tools is a first degree misdemeanor, but if the tools involved were intended for use in the commission of a felony, possessing criminal tools is a fifth degree felony.
 {¶ 17} The trial court found Glass guilty of fourth degree vandalism, and fifth degree possessing criminal tools, neither of which are the least degree of the offense charged. Glass argues that, underPelfrey, supra, he can only be found guilty of the least degree of these offenses, because the trial court did not state the degree of the offenses or indicate that it had found him guilty of degree-enhancing elements.
 {¶ 18} Glass's case was tried to the bench. As this court recently recognized in Sims, supra:
 {¶ 19} "[A] court's journal entry memorializing its judgment of conviction is functionally equivalent to a `verdict form' as contemplated by Pelfrey. Nothing in the Rules of Criminal Procedure requires a court sitting without a jury to complete a verdict form. Instead, the court issues a `judgment of conviction' which must set forth `the plea, the verdict or findings, and the sentence.' See Crim.R. 32(C)." Id. at 1f20.
 {¶ 20} Here, the trial court's judgment of conviction clearly stated that it found Glass guilty of "vandalism 2909.05 — F4 as charged in counts(s) 2 of the indictment" *Page 9 
and "possessing criminal tools 2923.24 — F5 as charged in count(s) 4 of the indictment." As in Sims, supra, "this judgment entry was in full compliance with R.C. 2945.75 because it was a guilty verdict that stated the degree of the offense[s] for which [Glass] was found guilty." Id.
 {¶ 21} Appellant's second assignment of error is therefore overruled.
 {¶ 22} In his third assignment of error, Glass argues that he was denied effective assistance of counsel, because trial counsel did not object to Mackura's and Nehez's hearsay testimony about the value of the machines and to the trial court's failure to comply with R.C. 2945.75. Because Mackura's and Nehez's testimony was not hearsay, and the trial court's judgment entry complied with R.C. 2945.75, trial counsel for Glass was not ineffective for not raising these objections with the trial court.
 {¶ 23} Appellant's third assignment of error is overruled.
Affirmed.
It is ordered that appellee recover from appellant costs herein taxed.
The court finds there were reasonable grounds for this appeal.
It is ordered that a special mandate issue out of this court directing the common pleas court to carry this judgment into execution. The defendant's conviction having been affirmed, any bail pending appeal is terminated. Case remanded to the trial court for execution of sentence. *Page 10 
A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.
SEAN C. GALLAGHER, P.J., and MARY J. BOYLE, J., CONCUR.
[1] Under R.C. 2909.05(E), vandalism is a fifth degree felony, but if the value of the property or amount of physical harm involved is more than $5,000 but less than $100,000, it is a fourth degree felony. *Page 1