[Cite as *State v. Garver*, 2011-Ohio-2349.]

COURT OF APPEALS
HOLMES COUNTY, OHIO
FIFTH APPELLATE DISTRICT


| STATE OF OHIO | : | JUDGES: |
| | : | |
| | : | Hon. W. Scott Gwin, P.J. |
| Plaintiff-Appellee | : | Hon. Sheila G. Farmer, J. |
| | : | Hon. Patricia A. Delaney, J. |
| -vs- | : | |
| | : | Case No. 10-CA-11 |
| BRIAN S. GARVER | : | |
| | : | |
| | : | |
| Defendant-Appellant | : | O P I N I O N |


CHARACTER OF PROCEEDING:    Appeal from the Stark County Court of
Common Pleas Case No. 09-CR-16; 09-
CR-32


JUDGMENT:                   AFFIRMED

DATE OF JUDGMENT ENTRY:     May 6, 2011


APPEARANCES:

For Plaintiff-Appellee:                 For Defendant-Appellant:

F. CHRISTOPHER OEHL                     BRIAN S. GARVER, #571-139
Assistant County Prosecutor             P.O. Box 8107
Holmes County                           Mansfield, Ohio 44901
164 E. Jackson St.
Millersburg, Ohio 44654

*Delaney, J.*

{¶1} Defendant-Appellant, Brian Garver, appeals the denial of his "Motion to Re-sentence to Correct a Void Judgment Pursuant to R.C. 2945.75(A)(2)", in Holmes County, Ohio. Plaintiff-Appellee is the State of Ohio.

{¶2} On March 6, 2009, Appellant was indicted by the Holmes County Grand Jury for Failure to Comply with the Order of a Police Officer, a felony of the third degree, in violation of R.C. 2921.331(B) in Holmes County Case No. 09-CR-16. On April 21, 2009, Appellant was additionally indicted on case number 09-CR-32 for Driving Under the Influence of alcohol and/or drugs, in violation of R.C. 4511.19, Failure to Stop at a Stop Sign in violation of R.C. 4521.43(A) and Improper Passing, in violation of R.C. 4511.31(A).

{¶3} The two cases were joined upon motion of the State of Ohio and came to trial on June 8, 2009. Appellant exercised his right to a jury trial and was convicted of all charges, including Failure to Comply with the Order of a Police Officer by jury verdict. The verdict form that the jury signed stated as follows:

{¶4} "We, the Jury, do find the Defendant Brian Garver guilty of the offense of failure to comply with order or signal of police officer, as charged in the indictment." All twelve jurors signed the form.

{¶5} The jury then made an additional finding as follows:

{¶6} "Having found Defendant guilty, we do further find that Defendant's operation of the motor vehicle caused a substantial risk of serious physical harm to persons or property." Again, all twelve jurors signed, approving the additional finding on June 8, 2009.

{¶7}     Appellant did not object to the verdict forms at trial.

{¶8}     Appellant was sentenced to four years in prison and was advised of his right to appeal.  Appellant failed to file a direct appeal to this court.

{¶9}     Appellant then filed a "Motion for Re-sentence to Correct Void Judgment Pursuant to R.C. 2945.75.(A)(2)."  Pursuant to a judgment entry filed on April 15, 2010, the trial court denied Appellant's motion.  Appellant filed a notice of appeal from the denial of that motion on July 18, 2010.  This Court granted Appellant's motion for delayed appeal on July 29, 2010.

{¶10}   Appellant now raises one Assignment of Error:

{¶11}   "I. WHEN THE TRIAL COURT SUBMITS IMPROPER VERDICT FORMS THAT DO NOT INCLUDE THE DEGREE OF THE OFFENSE NOR THE PROPER AGGRAVATING ELEMENTS TO THE JURY, DEFENDANT-APPELLANT IS ENTITLED TO BE RESENTENCED IN COMPLIANCE WITH THE RULINGS OF THE OHIO SUPREME COURT IN STATE V. PELFREY."

I.

{¶12}   In his sole assignment of error, Appellant argues that the trial court erred in denying his motion to correct a void judgment pursuant to R.C. 2945.75 and *State v. Pelfrey*, 112 Ohio St.3d 422, 2007-Ohio-256, 860 N.E.2d 735.

{¶13}   R.C. 2945.75(A)(2) provides:

{¶14}   "When the presence of one or more additional elements makes an offense one of more serious degree[,] * * * [a] guilty verdict shall state either the degree of the offense of which the offender is found guilty, or that such additional element or elements

are present. Otherwise, a guilty verdict constitutes a finding of guilty of the least degree of the offense charged."

{¶15} Appellant additionally argues that under *Pelfrey*, supra, the verdict form must either include the degree of the offense or a statement that an aggravating element has been found to justify convicting him of a greater degree of a criminal offense. In the present case, Appellant asserts therefore that the verdict form did not specify the level of the offense, the section of the revised code that was violated, and/or the additional elements of the offense of "willfully fleeing or eluding" contained in R.C. 2921.331(B).

{¶16} In *State v. Branco*, 5th Dist. No. 2010-CA-00098, 2010-Ohio-3856, this Court recently rejected a similar argument presented by a defendant who had been convicted of aggravated murder, aggravated, burglary, aggravated robbery, and kidnapping. Also, in *State v. Brown*, 5th District No. 09-CA-137, 2010-Ohio-2757, we additionally rejected this argument presented by a defendant who had been convicted of aggravated murder in 2005.

{¶17} Initially, we refused to apply *Pelfrey* to Branco or Brown's appeals, noting that *Pelfrey* applies only in a procedural posture of a direct appeal. *Branco* at ¶14; *Brown* at ¶17.

{¶18} In the present case, Appellant did not seek to present his arguments as a timely direct appeal; rather he filed a motion to correct a void sentence subsequent to the time when he could have raised the issue in a direct appeal. We find no reason to override the general rule in Ohio that a trial court has no authority reconsider a valid

final judgment in a criminal case.  *Brown* at ¶19, citing *State v. Moore*, 4th Dist. No. 03CA18, 2004-Ohio-3977.

{¶19} Applying our rationale in *Branco* and *Brown*, we find Appellant's arguments to be without merit.  The trial court was within its discretion to deny Appellant's motion.

{¶20} Moreover, even if we were to consider Appellant's arguments on the merits, we find that the verdict forms did comply with *Pelfrey*, as the jury made the following additional finding: "Having found Defendant guilty, we do further find that Defendant's operation of the motor vehicle caused a substantial risk of serious physical harm to persons or property," thus properly elevating the level of offense.

{¶21}  Appellant's assignment of error is overruled.

{¶22}  The judgment of the Holmes County Court of Common Pleas is affirmed.

By: Delaney, J.

Gwin, P.J. and

Farmer, J. concur.

_____
HON. PATRICIA A. DELANEY

_____
HON. W. SCOTT GWIN

_____
HON. SHEILA G. FARMER

[Cite as *State v. Garver*, 2011-Ohio-2349.]

IN THE COURT OF APPEALS FOR HOLMES COUNTY, OHIO

FIFTH APPELLATE DISTRICT

STATE OF OHIO                          :
                                       :
            Plaintiff-Appellee         :
                                       :
                                       :
-vs-                                   :       JUDGMENT ENTRY
                                       :
BRIAN S. GARVER                        :
                                       :
            Defendant-Appellant        :       Case No. 10-CA-11
                                       :


For the reasons stated in our accompanying Memorandum-Opinion on file, the judgment of the Holmes County Court of Common Pleas is affirmed. Costs assessed to Appellant.


_____
HON. PATRICIA A. DELANEY


_____
HON. W. SCOTT GWIN


_____
HON. SHEILA G. FARMER