[Cite as *State v. Washington*, 2011-Ohio-6600.]

| STATE OF OHIO | ) | IN THE COURT OF APPEALS |
|---|---|---|
| | )ss: | NINTH JUDICIAL DISTRICT |
| COUNTY OF SUMMIT | ) | |

| STATE OF OHIO | C.A. No. 25784 |
|---|---|
| Appellee | |
| v. | APPEAL FROM JUDGMENT ENTERED IN THE |
| JIMMIE L. WASHINGTON | COURT OF COMMON PLEAS COUNTY OF SUMMIT, OHIO |
| Appellant | CASE No. CR 09 03 0980 (A) |

DECISION AND JOURNAL ENTRY

Dated: December 21, 2011

CARR, Judge.

{¶1}   Appellant, Jimmie Washington, appeals the judgment of the Summit County Court of Common Pleas.  This Court affirms.

I.

{¶2}   On April 21, 2009, the Summit County Grand Jury indicted Washington on one count of aggravated robbery in violation of R.C. 2911.01(A)(1), a felony of the first degree, along with a gun specification pursuant to R.C. 2941.145; one count of grand theft in violation of R.C. 2913.02(A)(1)/(4), a felony of the fourth degree; and one count of having weapons while under disability in violation of R.C. 2923.12(A)(3), a felony of the third degree.  He pleaded not guilty to the charges at arraignment.

{¶3}   Prior to the commencement of trial, the State moved to dismiss the charge of having weapons while under disability and the court dismissed that count.  The State further moved to amend the charge of grand theft, a felony of the fourth degree, to theft, a felony of the

fifth degree. The trial court granted the amendment to the indictment over Washington's objections.

{¶4} A jury subsequently found Washington guilty of aggravated robbery with the gun specification and theft. The trial court sentenced Washington to four years in prison for aggravated robbery and to twelve months incarceration for theft. The trial court further ordered the sentences to be served concurrently with each other but consecutive to the three-year prison sentence for the gun specification. Washington appealed to this Court and raised two assignments of error. In his first assignment of error, Washington argued that the trial court erred in permitting the State to amend the indictment prior to trial. In his second assignment of error, Washington contended that the trial court erred in sentencing him on both aggravated robbery and theft as they were allied offenses of similar import. On July 21, 2010, this Court issued its decision overruling Washington's first assignment of error but concluding that Washington's theft conviction should have been merged with his aggravated robbery conviction as they were allied offenses. Accordingly, the trial court's judgment was affirmed in part, and reversed in part, and remanded for resentencing. *State v. Washington*, 9th Dist. No. 24997, 2010-Ohio-3389.

{¶5} On December 15, 2010, the trial court held a resentencing hearing at which time the State elected to proceed with sentencing on the count of aggravated robbery. Washington was sentenced to a four-year term of incarceration for aggravated robbery and a three-year term of incarceration for the gun specification, for a total prison sentence of seven years. The trial court issued a new sentencing entry on December 27, 2010. Washington filed his notice of appeal on January 25, 2011.

II.

{¶6}    On April 18, 2011, Washington's counsel filed a brief pursuant to *Anders v. California* (1967), 386 U.S. 738.  Washington's counsel stated that she had reviewed the record and concluded that there were no assignments of error to be found in this case.  Washington's counsel has also moved to withdraw as counsel of record.

{¶7}    On April 29, 2011, Washington filed a pro se merit brief in which he raised one assignment of error.  This Court issued a magistrate's order on May 6, 2011, indicating that Washington's brief filed on April 29, 2011, was accepted as his response to the *Anders* brief.  On May 19, 2011, Washington filed a handwritten "Supplement to Pro Se Merit Brief" in which he set forth two additional assignments of error.  On May 25, 2011, the State filed its merit brief in response to the brief Washington had filed on April 29, 2011.  Washington subsequently filed a reply to the State's brief.  As Washington did not properly move this Court to supplement his merit brief pursuant to the appellate rules, this Court will consider only the assignment of error raised in his merit brief.

## ASSIGNMENT OF ERROR

"THE  TRIAL  COURT  ERRED  BY  SENTENCING  APPELLANT  ON  A FELONY OF THE FIRST DEGREE[.]"

{¶8}    In his assignment of error, Washington argues that the trial court erred in sentencing him on aggravated robbery as a felony of the first degree because the verdict form neither stated the degree of the offense nor contained a statement that an aggravating element was found to justify the greater felony level.  This Court disagrees.

{¶9}    In support of his assignment of error, Washington argues that the verdict form in this case did not comport with the requirements highlighted by the Supreme Court of Ohio in *State v. Pelfrey*, 112 Ohio St.3d 422, 2007-Ohio-256.   The State responds that Washington is

barred from raising this argument under the doctrine of res judicata. The State further asserts that Washington's argument fails on the merits as the jury form was not deficient.

{¶10} "A determination of whether the doctrine of res judicata bars an action is a question of law which this Court reviews de novo." *Brott v. Green*, 9th Dist. No. 21209, 2003-Ohio-1592, at ¶11, citing *Davis v. Coventry Twp. Bd. of Zoning Appeals* (Feb. 14, 2001), 9th Dist. No. 20085; *Payne v. Cartee* (1996), 111 Ohio App.3d 580, 586-587.

{¶11} In *State v. Perry* (1967), 10 Ohio St.2d 175, paragraph nine of the syllabus, the Supreme Court of Ohio articulated the parameters of the doctrine of res judicata:

> "Under the doctrine of res judicata, a final judgment of conviction bars a convicted defendant who was represented by counsel from raising and litigating in any proceeding except an appeal from that judgment, any defense or any claimed lack of due process that was raised or could have been raised by the defendant at the trial, which resulted in that judgment of conviction, *or on an appeal from that judgment*." (Emphasis added.)

This Court has recognized that, by the plain language of *Perry*, "the doctrine of res judicata is directed at procedurally barring convicted defendants from relitigating matters which were, or could have been, litigated on direct appeal." *State v. Widman* (May 16, 2001), 9th Dist. No. 00CA007681.

{¶12} Washington filed a direct appeal to this Court in 2009. On appeal, Washington raised two assignments of error in which he argued that the trial court erred in permitting the State to amend the indictment prior to trial and that the trial court erred in sentencing him on both aggravated robbery and theft as they were allied offenses of similar import. This Court affirmed the trial court's judgment in part but remanded for resentencing on the allied offenses. *State v. Washington*, 9th Dist. No. 24997, 2010-Ohio-3389. As Washington did not raise any issues in regard to the adequacy of the jury verdict form in his appeal of right, he is now barred

from raising that issue in a subsequent action. *Widman*, supra. Washington's assignment of error is overruled.

{¶13} Upon our own full, independent examination of the record before this Court, we conclude that there are no appealable, non-frivolous issues in this case. See *State v. Lowe* (Apr. 8, 1998), 9th Dist. No. 97CA006758.

III.

{¶14} Having reviewed the entire record, and concluding that the trial court's proceedings were proper, this Court grants the motion to withdraw and affirms Washington's conviction and sentence.

{¶15} The judgment of the Summit County Court of Common Pleas is affirmed.

Judgment affirmed.

———

There were reasonable grounds for this appeal.

We order that a special mandate issue out of this Court, directing the Court of Common Pleas, County of Summit, State of Ohio, to carry this judgment into execution. A certified copy of this journal entry shall constitute the mandate, pursuant to App.R. 27.

Immediately upon the filing hereof, this document shall constitute the journal entry of judgment, and it shall be file stamped by the Clerk of the Court of Appeals at which time the period for review shall begin to run. App.R. 22(E). The Clerk of the Court of Appeals is instructed to mail a notice of entry of this judgment to the parties and to make a notation of the mailing in the docket, pursuant to App.R. 30.

Costs taxed to Appellant.

DONNA J. CARR
FOR THE COURT

BELFANCE, P. J.
MOORE, J.
CONCUR

APPEARANCES:

JIMMIE L. WASHINGTON, pro se, Appellant.

SHERRI BEVAN WALSH, Prosecuting Attorney, and HEAVEN DIMARTINO, Assistant Prosecuting Attorney, for Appellee.