Lanzinger, J.,
dissenting.
{¶ 20} Because this case at most involves an error correction,[2] I believe that this discretionary appeal was improvidently allowed, and I dissent on grounds *166 that a reversal of the court of appeals’ judgment is a violation of defendant’s Sixth Amendment rights. The United States Supreme Court has clearly held that a court may not usurp the fact-finding of a jury through judicial findings. Apprendi v. New Jersey, 530 U.S. 466, 120 S.Ct. 2348, 147 L.Ed.2d 435 (2000); Blakely v. Washington, 542 U.S. 296, 124 S.Ct. 2531, 159 L.Ed.2d 403 (2004). We have also acknowledged that principle. See State v. Foster, 109 Ohio St.3d 1, 2006-Ohio-856, 845 N.E.2d 470. Yet by holding that a verdict form can be modified by the indictment, the evidence at trial, the argument of counsel, and the jury instructions, the majority allows a judge to supplant the language of the jury verdict and the jury’s findings.
{¶ 21} The problem in this case is that the verdict form contains neither the degree of the offense nor the fact that the controlled substance is cocaine:
We, the Jury in this case, being duly impaneled and sworn, do find the Defendant, Donald Eafford, guilty of Possession of Drugs in violation of § 2925.11(A) of the Ohio Revised Code, as charged in Count Two of the indictment.
Count Two of the indictment states more specifically, “The grand jurors, on their oaths, further find that the Defendants) unlawfully did knowingly obtain, possess, or use a controlled substance and the drug involved was cocaine or a compound, mixture, preparation, or substance containing cocaine in an amount of less than 5 grams.” (Emphasis added.) But the verdict did not include this language.
{¶ 22} We have held that “[pjursuant to the clear language of R.C. 2945.75, a verdict form signed by a jury must include either the degree of the offense of which the defendant is convicted or a statement that an aggravating element has been found to justify convicting a defendant of a greater degree of a criminal offense.” State v. Pelfrey, 112 Ohio St.3d 422, 2007-Ohio-256, 860 N.E.2d 735, syllabus.
{¶ 23} Here, the jury found Eafford guilty of a violation of R.C. 2925.11(A), which states, “No person shall knowingly obtain, possess, or use a controlled substance.” But the verdict did not name either the controlled substance involved or the degree of the offense to allow the judge to sentence in accordance with the jury’s finding.
{¶ 24} Although the indictment names the offense under Count Two, “possession of drugs, a violation of R.C. 2925.11(A),” the violation is more accurately “possession of a controlled substance.” The offense, “possession of drugs,” involves the possession of Schedule III, IV, or V controlled substances. R.C. 2925.11(C)(2). For an amount less than the bulk amount, the offense is a *167 misdemeanor of the first degree. R.C. 2925.11(C)(2)(a). Possession of cocaine, a Schedule II controlled substance, is an offense that differs from possession of drugs. The grand jury indicted Eafford for possession of cocaine under R.C. 2925.11(C)(4). “If the drug involved in the violation is cocaine or a compound, mixture, preparation, or substance containing cocaine, whoever violates division (A) of this section is guilty of possession of cocaine.” (Emphasis added.) For substances less than five grams, the offense is a felony of the fifth degree. R.C. 2925.11(C)(4)(a).
William D. Mason, Cuyahoga County Prosecuting Attorney, and T. Allan Regas, Assistant Prosecuting Attorney, for appellant.
Robert L. Tobik, Cuyahoga County Public Defender, and David M. King and John T. Martin, Assistant Public Defenders, for appellee.
Ron O’Brien, Franklin County Prosecuting Attorney, and Laura R. Swisher, Assistant Prosecuting Attorney, urging reversal for amicus curiae, Franklin County Prosecuting Attorney.
{¶ 25} The court of appeals appropriately held that the missing facts could not be supplied by the indictment or cured by the trial court’s instructions. When the trial judge ignored the verdict form reflecting misdemeanor possession of drugs and sentenced Eafford for felony possession of cocaine, the court substituted its own findings for that of the jury. This situation could have been avoided by the prosecutor’s careful review of the verdict form before it was submitted to the jury. This case should be dismissed as having been improvidently allowed.
Pfeifer, J., concurs in the foregoing dissenting opinion.

. The only error appears to be that the court of appeals did not hold that the conviction on Count Two was for a misdemeanor of the first, rather than third, degree. See R.C. 2925.11(C)(2)(a). Otherwise, the court of appeals’ judgment should be affirmed.