[Cite as *State v. Harper*, 2013-Ohio-2181.]

COURT OF APPEALS
COSHOCTON COUNTY, OHIO
FIFTH APPELLATE DISTRICT

STATE OF OHIO

    Plaintiff-Appellee

-vs-

BRENDA C. HARPER

    Defendant-Appellant

JUDGES:
Hon. William B. Hoffman, P.J.
Hon. Sheila G. Farmer, J.
Hon. Patricia A. Delaney, J.

Case No. 2012CA00011

O P I N I O N

CHARACTER OF PROCEEDING:    Appeal from the Coshocton Municipal
Court, Case No. CRB1100637

JUDGMENT:    Affirmed

DATE OF JUDGMENT ENTRY:    May 24, 2013

APPEARANCES:

For Plaintiff-Appellee

For Defendant-Appellant

No Appearance

JEFFREY G. KELLOGG
Assistant Public Defender,
Coshocton County
239 N. Fourth Street
Coshocton, Ohio 43812

*Hoffman, P.J.*

{¶1}   Appellant, Brenda Harper, appeals her conviction from the Coshocton Municipal Court.  Appellant was charged with one count of domestic violence in violation of R.C. 2919.25(A), a misdemeanor of the first degree.

{¶2}   Following a court trial, Appellant was convicted of one count of disorderly conduct a minor misdemeanor[1] in violation of R.C. 2917.11.  Appellant was sentenced to a fine of $150 plus court costs.  A timely notice of appeal was filed.

{¶3}   Counsel for Appellant has filed a Motion to Withdraw and a brief pursuant to *Anders v. California* (1967), 386 U.S. 738, rehearing den. (1967), 388 U.S. 924, indicating that the within appeal was wholly frivolous and setting forth a proposed Assignment of Error:

I.

{¶4}   "THE TRIAL COURT ERRED BY CONVICTED BRENDA HARPER OF DISORDERLY CONDUCT UPON INSUFFICIENT EVIDENCE."

{¶5}   In *Anders,* the United States Supreme Court held if, after a conscientious examination of the record, a defendant's counsel concludes the case is wholly frivolous, then he should so advise the court and request permission to withdraw. *Id.* at 744.

---

[1]   We note the verdict form/order in this case does not contain the degree of offense.  A disorderly conduct conviction can either be a minor misdemeanor or a misdemeanor of the fourth degree.  R.C. 2917.11.  We find the failure of the trial court to specify the degree of offense or one of the factors necessary to elevate the level of offense requires us to hold Appellant was convicted of the minor misdemeanor.  See *State v. Pelfrey* (2007), 112 Ohio St.3d 422, 426, 860 N.E.2d 735, 738 ("We hold that pursuant to the clear language of R.C. 2945.75, a verdict form signed by [the trier of fact] must include either the degree of the offense of which the defendant is convicted or a statement that an aggravating element has been found to justify convicting a defendant of a greater degree of a criminal offense.").

Counsel must accompany his request with a brief identifying anything in the record that could arguably support his client's appeal. Id. Counsel also must: (1) furnish his client with a copy of the brief and request to withdraw; and, (2) allow his client sufficient time to raise any matters that the client chooses. Id. Once the defendant's counsel satisfies these requirements, the appellate court must fully examine the proceedings below to determine if any arguably meritorious issues exist. If the appellate court also determines that the appeal is wholly frivolous, it may grant counsel's request to withdraw and dismiss the appeal without violating constitutional requirements, or may proceed to a decision on the merits if state law so requires. Id.

{¶6} Counsel for Appellant has complied with the *Anders* requirements. Appellant has not filed a pro se brief raising any additional assignments of error. For the reasons which follow, we affirm the judgment of the trial court:

I.

{¶7} In her only proposed Assignment of Error, Appellant argues her conviction for disorderly conduct was not based upon sufficient evidence.

{¶8} Our review of the constitutional sufficiency of evidence to support a criminal conviction is governed by *Jackson v. Virginia,* 443 U.S. 307, 319, 99 S.Ct. 2781, 61 L.Ed.2d 560 (1979), which requires a court of appeals to determine whether "after viewing the evidence in the light most favorable to the prosecution, any rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt." *Id.;* see also *McDaniel v. Brown,* 558 U.S.120, 130 S.Ct. 665, 673, 175 L.Ed.2d 582(2010) (reaffirming this standard); *State v. Fry,* 125 Ohio St.3d 163, 926 N.E.2d

1239, 2010–Ohio–1017, ¶ 146; *State v. Clay,* 187 Ohio App.3d 633, 933 N.E.2d 296, 2010–Ohio–2720, ¶ 68.

{¶9} R.C. 2917.11, Disorderly Conduct provides in relevant part,

{¶10} (A) No person shall recklessly cause inconvenience, annoyance, or alarm to another by doing any of the following:

{¶11} (1) Engaging in fighting, in threatening harm to persons or property, or in violent or turbulent behavior;

{¶12} (2) Making unreasonable noise or an offensively coarse utterance, gesture, or display or communicating unwarranted and grossly abusive language to any person;

{¶13} (3) Insulting, taunting, or challenging another, under circumstances in which that conduct is likely to provoke a violent response;

{¶14} (4) Hindering or preventing the movement of persons on a public street, road, highway, or right-of-way, or to, from, within, or upon public or private property, so as to interfere with the rights of others, and by any act that serves no lawful and reasonable purpose of the offender;

{¶15} (5) Creating a condition that is physically offensive to persons or that presents a risk of physical harm to persons or property, by any act that serves no lawful and reasonable purpose of the offender.

{¶16} Recklessness is defined in R.C. 2901.22(C), which states:

{¶17} A person acts recklessly when, with heedless indifference to the consequences, he perversely disregards a known risk that his conduct is likely to cause a certain result or is likely to be of a certain nature. A person is reckless with respect to

circumstances when, with heedless indifference to the consequences, he perversely disregards a known risk that such circumstances are likely to exist.

{¶18} The testimony revealed Appellant's daughter was alarmed enough by Appellant's behavior to call the police.  Further, the testimony revealed Appellant took a large quantity of pills in front of police and her family stating, "I just took all my pills. You're going to watch me die."  Her actions required her transfer to a local hospital to have her stomach pumped.

{¶19} Based upon the evidence presented in a light most favorable to the prosecution, we find a rational trier of fact could have found all of the necessary elements for the offense of disorderly conduct beyond a reasonable doubt.  For this reason, Appellant's proposed Assignment of Error is overruled.

{¶20} After independently reviewing the record, we agree with counsel's conclusion that no arguably meritorious claims exist upon which to base an appeal. Hence, we find the appeal to be wholly frivolous under *Anders,* grant counsel's request to withdraw, and affirm the judgment of the Coshocton Municipal Court.

By: Hoffman, P.J.

Farmer, J.  and

Delaney, J. concur

s/ William B. Hoffman _____
HON. WILLIAM B. HOFFMAN


s/ Sheila G. Farmer _____
HON. SHEILA G. FARMER


s/ Patricia A. Delaney _____
HON. PATRICIA A. DELANEY

IN THE COURT OF APPEALS FOR COSHOCTON COUNTY, OHIO
FIFTH APPELLATE DISTRICT

| | | |
|---|---|---|
| STATE OF OHIO | : | |
| | : | |
| Plaintiff-Appellee | : | |
| | : | |
| -vs- | : | JUDGMENT ENTRY |
| | : | |
| BRENDA C. HARPER | : | |
| | : | |
| Defendant-Appellant | : | Case No. 2012CA00011 |

For the reasons stated in our accompanying Opinion, we find the appeal to be wholly frivolous under *Anders,* grant counsel's request to withdraw, and affirm the judgment of the Coshocton Municipal Court. Costs to Appellant.

s/ William B. Hoffman_____
HON. WILLIAM B. HOFFMAN

s/ Sheila G. Farmer_____
HON. SHEILA G. FARMER

s/ Patricia A. Delaney_____
HON. PATRICIA A. DELANEY