[Cite as *State v. Wright*, 2013-Ohio-2298.]

COURT OF APPEALS
KNOX COUNTY, OHIO
FIFTH APPELLATE DISTRICT


| | | |
|---|---|---|
| STATE OF OHIO | : | JUDGES: |
| | : | Hon. W. Scott Gwin, P.J. |
| Plaintiff-Appellee | : | Hon. Sheila G. Farmer, J. |
| | : | Hon. Craig R. Baldwin, J. |
| -vs- | : | |
| | : | |
| JAMES C. WRIGHT | : | Case No. 12CA22 |
| | : | |
| Defendant-Appellant | : | O P I N I O N |


CHARACTER OF PROCEEDING:        Appeal from the Court of Common
                                Pleas, Case No. 11CR11-0181


JUDGMENT:                       Reversed and Remanded


DATE OF JUDGMENT:               June 3, 2013


APPEARANCES:

For Plaintiff-Appellee                    For Defendant-Appellant

AARON E. ALLARD                           GEOFFREY L. OGLESBY
117 East High Street                      618 West Washington Street
Suite 234                                 Sandusky, OH  44870
Mount Vernon, OH  43050

*Farmer, J.*

{¶1}   On November 8, 2011, the Knox County Grand Jury indicted appellant, James Wright, on two counts of nonsupport of dependents in violation of R.C. 2919.21(A) and (B), felonies of the fifth degree.

{¶2}   A jury trial commenced on October 16, 2012.  The subsection (A) count was dismissed at the start of the trial.  The jury found appellant guilty of the subsection (B) count.  By sentencing entry filed November 8, 2012, the trial court sentenced appellant to three years of community control and ninety days in jail.  Appellant was ordered to pay $19,080.16 to the Knox County Child Enforcement Agency and pay $335.88 per month for child support and arrearages.

{¶3}   Appellant filed an appeal and this matter is now before this court for consideration.  Assignments of error are as follows:

I

{¶4}   "THE TRIAL COURT ERRED [IN] NOT FINDING THAT THE DEFENDANT WAS GUILTY OF A MISDEMEANOR BUT BY FINDING IN ITS JUDGMENT ENTRY THAT APPELLANT WAS 'FOUND GUILTY AT TRIL (SIC) BY JURY OF ONE COUNT OF FAILURE TO PROVIDE ADEQUATE SUPPORT OF DEPENDENTS, IN VIOLATION OF R.C. 2919.21(B), A FELONY OF THE FIFTH DEGREE' WHEN THE JURY VERDICT FAILED TO SPECIFY THE STATUTORY SECTION OF THE OFFENSE OR SPECIFICALLY SET FORTH THE DEGREE OF THE CRIME CHARGED."

II

{¶5}    "THE TRIAL COURT ERRED BY GRANTING RESTITUTION IN AN AMOUNT BEYOND THE AMOUNT IN THE INDICTMENT AND THE TIME THE ALLEGED CRIME WAS COMMITTED DURING THE INDICTMENT."

I, II

{¶6}    Appellant claims the trial court erred in finding that he was found guilty of a fifth degree felony as opposed to a misdemeanor because the verdict form did not specify a statutory section of the offense, the degree of the offense charged, or any aggravating elements to elevate the offense to a felony.  We agree.

{¶7}    The leading case on this issue is *State v. Pelfrey,* 112 Ohio St.3d 422, 2007-Ohio-256, syllabus, wherein the Supreme Court of Ohio held: "Pursuant to the clear language of R.C. 2945.75, a verdict form signed by a jury must include either the degree of the offense of which the defendant is convicted or a statement that an aggravating element has been found to justify convicting a defendant of a greater degree of a criminal offense."

{¶8}    In its brief at 2, appellee, the state of Ohio, concedes the issue.  Appellant should have been sentenced to the lowest degree of the offense, a misdemeanor.  R.C. 2919.21(G)(1).  Restitution should be commensurate with a misdemeanor offense.

{¶9}    Assignment of Error I is granted and Assignment of Error II is moot.

{¶10} The judgment of the Court of Common Pleas of Knox County, Ohio is hereby reversed.

By Farmer, J.

Gwin, P.J. and

Baldwin, J. concur.

SGF/sg 523