Lanzinger, J.,
concurring.
{¶ 27} It is misleading for the dissent to suggest that there is now a requirement for a verdict form to recite each and every element of the offense charged.
{¶ 28} The jury verdict in this case was inartfully worded, finding McDonald guilty of “Failure to Comply with Order or Signal of Police Officer And Caused A Substantial Risk of Serious Physical Harm To Persons or Property.” It is true that the court’s instructions at trial would have defined the elements of the offense for the jury. R.C. 2945.11 (“In charging the jury, the court must state to it all matters of law necessary for the information of the jury in giving its verdict”). But the jury itself determines the facts. The United States Supreme Court has clearly held that a court may not usurp the fact-finding of a jury through judicial findings. Apprendi v. New Jersey, 530 U.S. 466, 120 S.Ct. 2348, 147 L.Ed.2d 435 (2000); Blakely v. Washington, 542 U.S. 296, 124 S.Ct. 2531, 159 L.Ed.2d 403 (2004). We have also acknowledged that principle. State v. Foster, 109 Ohio St.3d 1, 2006-Ohio-856, 845 N.E.2d 470. And as the majority opinion notes in this case, the jury verdict, as it is stated, fits a conclusion that would support only a misdemeanor violation under R.C. 2921.331(A).
{¶ 29} The majority holds simply that the jury’s verdict must identify specifically the offense of which the defendant is found guilty: a reference to R.C. 2921.331(B) and (C)(5)(a)(ii) would have been sufficient, as would a reference to the degree of the offense as a felony of the third degree. This is a simple application of State v. Pelfrey, 112 Ohio St.3d 422, 2007-Ohio-256, 860 N.E.2d 735, syllabus. I respectfully concur.