[Cite as *State v. Champada*, 2017-Ohio-5679.]

IN THE COURT OF APPEALS OF OHIO
SIXTH APPELLATE DISTRICT
FULTON COUNTY

State of Ohio                                    Court of Appeals No. F-17-001

    Appellee                              Trial Court No. 14CR000029

v.

Pacio P. Champada                          **DECISION AND JUDGMENT**

    Appellant                             Decided:  June 29, 2017

* * * * *

Scott A. Haselman, Fulton County Prosecuting Attorney, for appellee.

Pacia P. Champada, pro se.

* * * * *

**OSOWIK, J.**

{¶ 1} This is an appeal from a December 13, 2016 judgement of the Fulton County Court of Common Pleas, which denied appellant's December 8, 2016 post-appeal pro se motion to correct.  On March 18, 2014, Pacio Champada ("appellant"), was indicted on one count of burglary, in violation of R.C. 2911.12(A)(3), a felony of the third degree, one count of grand theft, in violation of R.C. 2913.02(A)(1), a felony of the third degree,

one count of theft, in violation of R.C. 2913.02(A)(1), a felony of the fifth degree and, one count of having weapons under disability, in violation of R.C. 2923.13(A)(2), a felony of the third degree. Following a jury trial, appellant was convicted on all counts. Appellant was sentenced to a total term of incarceration of 47 months. For the reasons set forth below, this court affirms the judgment of the trial court.

{¶ 2} Appellant sets forth the following assignment of error:

1. THE TRIAL COURT COMMITTED PLAIN ERROR, AND THE TRIAL COURT ERRORED [SIC] IN DENYING APPELLANT MR. CHAMPADA['S] MOTION TO CORRECT JUDGEMENT[,] ENTRY SENTENCE AND CONVICTION [OF] THE CHARGE[D] OFFENSE OF R.C.2913.02(A)(1) GRAND THEFT AND R.C. 2913.02(A)(1) THEFT IN VIOLATION OF CRIM.R.52(B) PLAIN ERROR, AND CRIM.R.32(C) SENTENCE A VIOLATION OF APPELLANT MR CHAMPADA['s] 5TH, 6TH, 14TH, AMENDMENT RIGHTS OF THE U.S. CONSTITUTION AND SECTION 10 AND 16 ARTICLE 1 OF THE OHIO CONSTITUTION AND R.C. 2945.75(A)(2) STATE VS. PELFREY.

{¶ 3} At the outset, we note that appellant previously filed a direct appeal, which was decided by this court in *State v. Champada*, 6th Dist. Fulton No. F-14-006, 2016-Ohio-7291. The judgment of the trial court was affirmed on direct appeal. Given that this case was previously appealed to this court, we will not fully restate the facts and procedural history. We will confine our current recitation to those facts directly relevant to the limited scope of the instant matter.

2.

{¶ 4} The following undisputed facts are relevant to the current appeal. On November 10, 2013, the police were called to a home in Delta, Ohio in response to a burglary. The homeowner had just returned from a vacation in Tennessee. The homeowner fully locked and secured his home prior to departing on vacation. Unfortunately, upon returning from vacation, he discovered that his home had been burglarized and was in a state of disarray. The homeowner conveyed, "[T]he door jamb surrounding the front door was broken [,] * * * [S]everal items were missing from the home, including a television, gift cards, money, and [his] gun cabinet." *Id*. at ¶ 4.

{¶ 5} Five firearms, two hunting knives, and several boxes of ammunition were stolen from a gun cabinet during the burglary. Pursuant to a negotiated plea agreement, appellant's co-defendant revealed that he had committed the underlying crimes along with appellant.

{¶ 6} Subsequent to the unsuccessful direct appeal of this matter, appellant filed a pro se motion to correct the judgment entry. In support, appellant cited *State v. Pelfrey*, 112 Ohio St.3d 422, 2007-Ohio-256, 860 N.E.2d 735, to argue that there was a reversible error in the indictment, jury verdict forms, and judgment entry.

{¶ 7} Appellant now makes post hoc claims that those documents were flawed because the documents state that appellant was charged with theft, in violation of R.C. 2913.02(A)(1), and grand theft, both in violation of the same statute. Appellant now argues that this should be construed as a fatal error because, "[T]he charges do not carry the same elements, therefore, they cannot have the same statute numbers." (Appellant's Motion to Correct Judgment Entry – Memorandum, p.1). We do not concur.

3.

**{¶ 8}** Our resolution of this matter is governed by the doctrine of res judicata. "The doctrine of res judicata bars any attempt to raise an issue in a subsequent motion that could have been raised on direct appeal and was not." *State v. Kajfasz*, 6th Dist. Lucas No. L-04-1004, 2004-Ohio-5243, ¶ 6. Appellant had the opportunity to bring these alleged defects to the court's attention on direct appeal and failed to do so. As such, the current, untimely assertion in connection to the form of the charges are barred by res judicata as the matter could have been raised on direct appeal but was not raised, and as a result, the issue was waived.

**{¶ 9}** However, even assuming arguendo that res judicata did not preclude the instant matter, appellant's current claims are nevertheless without merit. Appellant was convicted of one count of theft, in violation of R.C. 2913.02(A)(1) for the unlawful taking of personal property, and one count of grand theft, in violation of the same statute, for the unlawful taking of the various firearms that were inside the stolen gun cabinet.

**{¶ 10}** Appellee maintains that the relevant counts of the indictment properly comport with R.C. 2913.02(A)(1). We concur. R.C. 2913.02(A)(1) provides in relevant part:

> No person, with purpose to deprive the owner of property or services, shall knowingly obtain or exert control over either the property or services in any of the following ways *** Without the consent of the owner or person authorized to give consent.

**{¶ 11}** The pertinent distinction between theft and grand theft is that theft includes the stealing of personal property between $1,000.00 and $7,500.00, and grand theft

4.

involves the stealing of a firearm. However, both charges are clearly encompassed by the express language of R.C. 2913.02(A)(1). The record reflects no fatal defect in the judgment entry, indictment, or the relevant jury verdict forms. Wherefore, we find appellant's assignment of error to be not well-taken.

{¶ 12} On consideration whereof, the judgement of the Fulton County Court of Common Pleas is hereby affirmed. Appellant is ordered to pay costs of this appeal pursuant to App.R.24.

Judgment affirmed.

A certified copy of this entry shall constitute the mandate pursuant to App.R. 27. *See also* 6th Dist.Loc.App.R. 4.

Mark L. Pietrykowski, J.       _____
                                                             JUDGE
Thomas J. Osowik, J.

Christine E. Mayle, J.       _____
CONCUR.                                                     JUDGE

_____
                                                    JUDGE

This decision is subject to further editing by the Supreme Court of Ohio's Reporter of Decisions. Parties interested in viewing the final reported version are advised to visit the Ohio Supreme Court's web site at: http://www.sconet.state.oh.us/rod/newpdf/?source=6.