DECISION AND JUDGMENT ENTRY
{¶ 1} This is an appeal from a Pike County Common Pleas Court judgment of conviction and sentence. Gene Brown, defendant below and appellant herein, pled guilty to robbery in violation of R.C. 2911.02(A)(2), and theft in violation of R.C. 2913.02(A) (1).
 {¶ 2} Appellant assigns the following error for review: *Page 2 
 "THE TRIAL COURT ERRED WHEN IT SENTENCED MR. BROWN TO SERVE NONMINIMUM PRISON TERMS."
 {¶ 3} On March 27, 2006, appellant entered a business known as "Bill's Tires" in Waverly. The owner, William Fuller, began to show appellant tires whereupon appellant struck Fuller, knocked him to the ground and stole his wallet. Seventy (70) year old Fuller suffered head injuries that resulted in a "chronic left subdural hematoma" and required brain surgery at Mount Carmel Hospital.
 {¶ 4} The Pike County Grand Jury returned an indictment and charged appellant with robbery, theft, and aggravated assault.[2] Appellant later reached an agreement with the state and pled guilty to two counts in exchange for dismissal of the third count (aggravated assault). At the sentencing hearing the trial court imposed a six year term of imprisonment for robbery and one year for theft, with the two sentences to be served concurrently. This appeal followed.
 {¶ 5} Appellant asserts in his assignment of error that the trial court erred by sentencing him to serve non-minimum sentences. Appellant concedes that the court acted within parameters established byState v. Foster, 109 Ohio St.3d 1, 845 N.E.2d 470, 2006-Ohio-856, but argues that the Foster "severance remedy" violates his constitutional liberty interests. Consequently, appellant argues that we should vacate his sentence, return the case to the trial court and order that a minimum prison *Page 3 
sentence be imposed. We disagree with appellant.
 {¶ 6} First, although appellant does not couch his argument in terms of a violation of his rights under the Ex Post Facto and Due Process Clauses of the Constitution, it nevertheless appears to be the same argument. We have rejected that argument, as appellee aptly notes in its brief, on various occasions. See State v. Bruce, Washington App. No. 06CA40, 2007-Ohio-1938, at ¶ 6; State v. Henry, Pickaway App. No. 06CA8,2006-Ohio-6942, at ¶ 11-12; State v. Grimes, Washington App. No. 04CA17,2006-Ohio-6360, at ¶ 8-11. Other Ohio courts have also rejected this view. See State v. Mallette, Cuyahoga App. No. 87984, 2007-Ohio-715, at ¶ 40-47; State v. Lowe, Franklin App. No. 06AP-673, 2007-Ohio-504, at ¶ 9; State v. Shield, Shelby App. No. 9-06-16, 2007-Ohio-462, at ¶21-23. We recognize that appellant must raise the issue to preserve it for future appeal, but we find nothing to prompt us to reconsider our earlier decisions.
 {¶ 7} Second, to the extent that appellant raises a new argument that the Foster "severance remedy" is unconstitutional, we point out this is an issue that must be taken up with the Ohio Supreme Court, not this appellate court. Appellate courts are bound by Ohio Supreme Court decisions, as was the trial court, and we are required to carry out theFoster directives. See State v. Morris, Pickaway App. No. 06CA28,2007-Ohio-5291, at ¶ 6; State v. Ellis, Scioto App. No. 06CA3071,2007-Ohio-2177, at ¶ 37; State v. Clagg, Washington App. No. 06CA44,2007-Ohio-1661, at ¶ 10. Thus, we are not in a position to examine or determine whether those directives violate the Federal Constitution. *Page 4 
 {¶ 8} For these reasons, we hereby overrule appellant's assignment of error and affirm the trial court's judgment.
JUDGMENT AFFIRMED.
 JUDGMENT ENTRY
It is ordered that the judgment be affirmed and appellee recover of appellant the costs herein taxed.
The Court finds there were reasonable grounds for this appeal.
It is ordered that a special mandate issue out of this Court directing the Pike County Common Pleas Court to carry this judgment into execution.
If a stay of execution of sentence and release upon bail has been previously granted, it is continued for a period of sixty days upon the bail previously posted. The purpose of said stay is to allow appellant to file with the Ohio Supreme Court an application for a stay during the pendency of the proceedings in that court. The stay as herein continued will terminate at the expiration of the sixty day period.
The stay will also terminate if appellant fails to file a notice of appeal with the Ohio Supreme Court in the forty-five day period pursuant to Rule II, Sec. 2 of the Rules of Practice of the Ohio Supreme Court. Additionally, if the Ohio Supreme Court dismisses the appeal prior to the expiration of said sixty days, the stay will terminate as of the date of such dismissal.
A certified copy of this entry shall constitute that mandate pursuant to Rule 27 of the Rules of Appellate Procedure.
Harsha, J. Kline, J.: Concur in Judgment Opinion
[2] An earlier indictment was returned against appellant, but was dismissed so that the prosecution could return to the grand jury for another indictment after the extent of Fuller's head injuries became clear. *Page 1