The STATE of Ohio, Appellee,

v.

MOORE, Appellant.

[Cite as *State v. Moore,* 188 Ohio App.3d 726, 2010-Ohio-1848.]

Court of Appeals of Ohio,
Fourth District, Gallia County.

No. 09CA6.

Decided April 22, 2010.

C. Jeffrey Adkins, Gallia County Prosecuting Attorney, and Eric R. Mulford, Assistant Prosecuting Attorney, for appellee.

Timothy Young, Ohio Public Defender, and Jeremy J. Masters, Assistant Public Defender, for appellant.

PETER B. ABELE, Judge.

{¶ 1} This is an appeal from a Gallia County Common Pleas Court judgment that overruled a motion for new trial. A jury found David D. Moore, appellant, guilty of drug possession in violation of R.C. 2925.11(A). Appellant assigns the following error for review:

The trial court erred by convicting Mr. Moore of possession of drugs as a felony of the third degree when the verdict form only supported a conviction for a misdemeanor of the third degree under R.C. 2945.75(A)(2) and *State v. Pelfrey*, 112 Ohio St.3d 422, 2007-Ohio-256[, 860 N.E.2d 735].

{¶ 2} On January 3, 2008, Ohio State Highway Patrol Trooper R.J. Jacks observed traffic on U.S. 35 when he noticed appellant's car slow down and cause a truck to hit its breaks. Trooper Jacks followed appellant's vehicle and signaled it to stop after he observed it travel left of center and fail to properly activate a turn signal. While the trooper checked appellant's license and registration, another trooper walked a drug-sniffing canine around the vehicle. The dog subsequently detected the presence of drugs. After the officers found crack cocaine in the vehicle's gas cap, they placed appellant under arrest.

{¶ 3} On February 28, 2008, a grand jury returned an indictment charging appellant with drug possession. He pleaded not guilty, and the matter came on for jury trial. After hearing the evidence, the jury returned a guilty verdict. The trial court sentenced appellant to serve a five-year prison term. Appellant filed a motion for new trial, which was overruled, but did not file an appeal.[1] We later granted appellant leave to file a delayed appeal, and the case is now properly before us for review.

■ {¶ 4} Appellant asserts in his assignment of error, and the state concedes in its brief, that the trial court erred by convicting him of the greater degree of drug possession in violation of R.C. 2945.75. See *State v. Pelfrey*, 112 Ohio St.3d 422, 2007-Ohio-256, 860 N.E.2d 735. After our review, we reluctantly agree.

{¶ 5} Ohio law provides that "[a] guilty verdict shall state either the degree of the offense of which the offender is found guilty, or that such additional element or elements are present. Otherwise, a guilty verdict constitutes a finding of guilty of the least degree of the offense charged." R.C. 2945.75(A)(2). The Ohio Supreme Court held that if a verdict form does not include (1) the degree of the offense or (2) a statement that aggravating circumstances have been found to justify a conviction on the greater offense, then a defendant may be convicted and sentenced only for the lowest degree of the offense. 112 Ohio St.3d 422, 2007-Ohio-256, 860 N.E.2d 735, at ¶ 14.

{¶ 6} In the case sub judice, the verdict form states, "We, the jury in this case * * * find the Defendant, David D. Moore, Guilty of Possession of Drugs in a manner and form as he stands charged in the Indictment." This form does not set out the degree of the offense, nor does it list aggravating factors or the drug

---

1. The entry that denied the motion for new trial is the final, appealable order in this case. See *State v. Waulk*, Ross App. No. 02CA2649, 2003-Ohio-11, 2003 WL 42425, at ¶ 9.

that appellant possessed. Thus, the verdict does not comply with the requirements of R.C. 2945.75(A)(2), and appellant may be convicted and sentenced only for the least degree of the offense of which he was charged.[2]

{¶ 7} As we noted supra, the state concedes in this matter that the verdict form does not comply with *Pelfrey*. However, the state urges us to distinguish this case from *Pelfrey* because (1) appellant did not raise the defect at trial and, thus, waived the issue and (2) the trial court's August 26, 2008 sentencing entry states that appellant was convicted of a third-degree felony offense. We find neither argument persuasive.

{¶ 8} First, before *Pelfrey* reached the Ohio Supreme Court, the Second District Court of Appeals had already rejected a waiver argument. That rejection was, at the least, affirmed sub silentio when the Ohio Supreme Court affirmed the Second Appellate District decision in toto. See id. at ¶ 5 and 15. Second, the syllabus in *Pelfrey* states that the verdict form must state the degree of the offense or the aggravating circumstance. The court made no exception to that rule for sentencing entries that set out the degree of the offense.

{¶ 9} Suffice it to say, we are bound by Ohio Supreme Court decisions. *State v. Brown*, Pike App. No. 07CA757, 2008-Ohio-665, 2008 WL 441645, at ¶ 7; *State v. Hardesty*, Pickaway App. No. 07CA2, 2007-Ohio-3889, 2007 WL 2193582, at ¶ 14. In light of the clear directive in *Pelfrey*, although we are somewhat sympathetic with the state's view of this matter, we are not inclined to carve out exceptions to the Supreme Court's holding when such an exception would fly in the face of clear and unequivocal wording to the contrary.

{¶ 10} For all these reasons, appellant's first assignment of error is well taken. Therefore, we hereby reverse the trial court's judgment and remand this matter for further proceedings consistent with this opinion.

Judgment reversed
and cause remanded.

MCFARLAND, P.J., and KLINE, J., concur.

---

2. The "as charged in the indictment" language in the verdict form in the case at bar does not cure the defect, even though the degrees of the offense were included in the indictment. The same language appeared on the verdict forms in *Pelfrey*, and the majority of the court in that case nevertheless found a violation of the statute. See 112 Ohio St.3d 422, 2007-Ohio-256, 860 N.E.2d 735, at ¶ 17 (O'Donnell, J., dissenting).