[Cite as *State v. Brooks*, 2011-Ohio-2282.]

# Court of Appeals of Ohio

### EIGHTH APPELLATE DISTRICT
### COUNTY OF CUYAHOGA

---

### JOURNAL ENTRY AND OPINION
### No. 95395

---

## STATE OF OHIO

PLAINTIFF-APPELLEE

vs.

## JEFFREY BROOKS

DEFENDANT-APPELLANT

---

## JUDGMENT:
## REVERSED AND VACATED

---

Criminal Appeal from the
Cuyahoga County Court of Common Pleas
Case No. CR-511876

**BEFORE:** Blackmon, P.J., Boyle, J., and E. Gallagher, J.

**RELEASED AND JOURNALIZED:** May 12, 2011

**ATTORNEY FOR APPELLANT**

Paul Mancino, Jr.
75 Public Square, Suite 1016
Cleveland, Ohio 44113-2098

**ATTORNEYS FOR APPELLEE**

William D. Mason
Cuyahoga County Prosecutor

Patrick J. Lavelle
Assistant Prosecuting Attorney
The Justice Center, 8th Floor
1200 Ontario Street
Cleveland, Ohio 44113

PER CURIAM:

{¶ 1} Appellant Jeffrey Brooks appeals his convictions and sentence and assigns twelve errors for our review.[1] Having reviewed the record and pertinent law, we reverse Brooks's convictions, vacate his sentences, and order him discharged. The apposite facts follow.

{¶ 2} On June 12, 2008, a Cuyahoga County Grand Jury indicted Brooks, along with codefendants Thomas Yankowski and Alfred Robinson, on one count each of drug possession and drug trafficking, both second degree

---

[1]See appendix.

felonies. On June 26, 2008, Brooks pleaded not guilty at his arraignment. Numerous pretrials followed and on March 30, 2010, a jury trial commenced.

{¶ 3} At the trial, the state presented six witnesses, including four police officers, whose testimonies established that Brooks arranged for the shipment of approximately 600 pounds of marijuana from California to the business establishment of his codefendant, Yankowski, in Cleveland, Ohio. The testimonies further established that Brooks arrived at Yankowski's establishment shortly after a controlled delivery was completed and was caught on surveillance camera directing the loading of the boxes containing the drugs into the van of his second codefendant.

{¶ 4} The jury found Brooks guilty of both charges. On June 14, 2010, the trial court sentenced Brooks to eight-year concurrent prison terms. Brooks now appeals.

## Verdict Form

{¶ 5} In the first assigned error, Brooks argues he was denied due process of law when he was convicted and sentenced for two second degree felonies without a jury's determination of the amount of a controlled substance. Specifically, Brooks asserts that the verdicts only support convictions for minor misdemeanors. The state concedes that the trial court failed to provide the jury with the proper verdict forms.

**{¶ 6}** Pursuant to R.C. 2945.75(A)(2):

**"When the presence of one or more additional elements makes an offense one of more serious degree: \* \* \* A guilty verdict shall state either the degree of the offense of which the offender is found guilty, or that such additional element or elements are present. Otherwise, a guilty verdict constitutes a finding of guilty of the least degree of the offense charged."**

**{¶ 7}** Pursuant to the clear language of R.C. 2945.75, a verdict form signed by a jury must include either the degree of the offense of which the defendant is convicted or a statement that an aggravating element has been found to justify convicting a defendant of a greater degree of a criminal offense. *State v. Bryant*, 7th Dist. No. 10-MA-11, 2010-Ohio-4401, citing *State v. Pelfrey*, 112 Ohio St.3d 422, 2007-Ohio-256, 860 N.E.2d 735, syllabus.

**{¶ 8}** In the instant case, the respective jury verdict forms, containing a single page each, state in pertinent part as follows:

**"We, the Jury in this case, being duly empaneled and sworn, do find Defendant, Jeffrey Brooks, guilty of Drug Trafficking, in violation of §2925.03(A)(2) of the Ohio Revised Code, as charged in Count One of the indictment."**

**"We, the Jury in this case, being duly empaneled and sworn, do find Defendant, Jeffrey Brooks, guilty of Possession of Drugs, in violation of §2925.11(A) of the Ohio Revised Code, as charged in Count Two of the indictment."**

**{¶ 9}** Here, neither verdict includes a statement indicating either the degree of the offense charged or that an aggravating circumstance existed to justify a conviction on the greater offense, specifically that the amount of marijuana involved was equal to or exceeded 20,000 grams. The verdict forms simply stated that Brooks was guilty of drug trafficking and drug possession in violation of the Ohio Revised Code as "charged in the indictment." This is insufficient under *Pelfrey* supra.

**{¶ 10}** Furthermore, the "as charged in the indictment" language in the verdict form in the case at bar does not cure the defect, even though the degrees of the offense were included in the indictment. *State v. Eafford*, Cuyahoga App. No. 94718, 2011-Ohio-927, citing *State v. Moore*, 188 Ohio App.3d 726, 2010-Ohio-1848, 936 N.E.2d 981.

**{¶ 11}** Consequently, Brooks was incorrectly sentenced. As such, a felony of the fifth degree is the least degree for a conviction for trafficking in drugs. *State v. Huckleberry*, 4th Dist. No. 07CA3142, 2008-Ohio-1007. See, also, R.C. 2925.03(C)(2)(a). Likewise, a misdemeanor of the third degree is the least degree for a conviction for possession of drugs. Id. See, also R.C. 2925.11(C)(2)(a). Accordingly, we sustain Brooks's first assigned error, reverse his convictions, and vacate his 8 year sentence.

{¶ 12} However, the range of sentence for the crimes for which Brooks was convicted is six-to-twelve months and 60 days in jail, respectively. The record indicates that Brooks has been incarcerated for more than twelve months, the maximum period of incarceration for a felony of the fifth degree. As such, we order Brooks discharged.

{¶ 13} Our disposition of the first assigned error renders the remaining assigned errors moot. App.R. 12(A)(1)(C).

Judgment reversed.

It is ordered that appellant recover of appellee his costs herein taxed.

The court finds there were reasonable grounds for this appeal.

It is ordered that a special mandate be sent to said court to carry this judgment into execution. Case remanded to the trial court for further proceedings.

A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.

_____
PATRICIA ANN BLACKMON, PRESIDING JUDGE

_____
MARY J. BOYLE, JUDGE

_____
_____
EILEEN A. GALLAGHER, JUDGE

## APPENDIX

**Assignments of Error**

"I. Defendant was denied due process of law when he was sentenced to an eight year sentence when there was no determination by the jury as to the amount of the controlled substance."

"II. Defendant was denied due process of law when the court overruled his motion for judgment of acquittal."

"III. Defendant was denied a fair trial when Det. Jamal Ansari gave his opinion of defendant's guilt."

"IV. Defendant was denied his right of confrontation and cross-examination when the court refused to allow defense counsel to question co-defendant Thomas Yankowski as to the amount of time he was subject to."

"V. Defendant was denied his right of confrontation and cross-examination when the court allowed hearsay testimony from Det. Jamal Ansari."

"VI. Defendant was denied his right to present a defense and his right to cross-examination when the court limited cross-examination of Det. Jamal Ansari."

"VII. Defendant was denied due process of law when the prosecutor expressed his personal opinion of defendant's guilt."

"VIII. Defendant was denied due process of law when the court instructed the jury on flight."

"IX. Defendant was denied due process of law concerning the court's instruction on a presumption."

"X. Defendant was denied due process of law when the court misinstructed the jury concerning Count One."
"XI. Defendant was denied due process of law when he was separately sentenced for trafficking and possession of the same controlled substance."

"XII. Defendant was denied the effective assistance of counsel."