[Cite as *State v. Nguyen*, **2012-Ohio-2488**.]

IN THE COURT OF APPEALS OF OHIO
FOURTH APPELLATE DISTRICT
ATHENS COUNTY

STATE OF OHIO,                          :

    Plaintiff-Appellee,              :    Case No.   10CA43

    vs.                              :

CHARLES NGUYEN,                         :    DECISION AND JUDGMENT ENTRY

    Defendant-Appellant.             :

_____

APPEARANCES:

COUNSEL FOR APPELLANT:      Derek A. Farmer, Farmer Law Offices, Co., L.P.A., 428
                            Beecher Rd. Suite C, Columbus, Ohio 43230

COUNSEL FOR APPELLEE:       Keller J. Blackburn, Athens County Prosecuting Attorney,
                            and George J.   Reitmeier, Athens County Assistant
                            Prosecuting Attorney, Athens County Courthouse, 1 South
                            Court Street, Athens Ohio 45701

CRIMINAL APPEAL FROM COMMON PLEAS COURT
DATE JOURNALNIZED: 5-14-12
ABELE, P.J.

{¶ 1}   This is an appeal from an Athens County Common Pleas Court judgment of

conviction and sentence.   A jury found Charles Nguyen, defendant below and appellant herein,

guilty of: (1) rape in violation of R.C. 2907.02(A)(2); (2) kidnapping in violation of R.C.

2905.01(A)(2); (3) aggravated burglary in violation of R.C. 2911.11(A); and (4) tampering with

evidence in violation of R.C. 2921.12(A)(1).   Appellant assigns the following errors for

review:[1]

FIRST ASSIGNMENT OF ERROR:

"THE TRIAL COURT ERRED TO THE PREJUDICE OF DR. NGUYEN AND INFRINGED UPON HIS RIGHTS UNDER THE SIXTH AND FOURTEENTH AMENDMENTS TO THE UNITED STATES CONSTITUTION (CONFRONTATION AND DUE PROCESS), WHEN IT PERMITTED EXPERT TESTIMONY CONTRARY TO RULES 702 AND 705 OF THE OHIO RULES OF EVIDENCE[.]"

SECOND ASSIGNMENT OF ERROR:

"THE TRIAL COURT ERRED TO THE PREJUDICE OF DR. NGUYEN WHEN IT FAILED TO HOLD A RAPE SHIELD HEARING BEFORE TRIAL AND DURING TRIAL, AT DR. NGUYEN'S REQUEST, IN VIOLATION OF R.C. 2907.02 AND THE SIXTH AND FOURTEENTH AMENDMENTS TO THE UNITED STATES CONSTITUTION[.]"

THIRD ASSIGNMENT OF ERROR:

"THE TRIAL COURT ERRED WHEN IT PERMITTED ENLARGED PHOTOGRAPHS OF THE ALLEGED RAPE VICTIM'S CERVIX AND EXHIBIT BAGS LABELED WITH TESTIMONIAL STATEMENTS TO BE USED IN JURY DELIBERATIONS IN VIOLATION OF THE SIXTH AND FOURTEENTH AMENDMENTS TO THE UNITED STATES CONSTITUTION ALONG WITH RULES 403(B) AND 611(A) OF THE OHIO RULES OF EVIDENCE[.]"

FOURTH ASSIGNMENT OF ERROR:

"THE TRIAL COURT ERRED WHEN IT DID NOT PERMIT DEFENSE COUNSEL TO FULLY CROSS-EXAMINE THE ALLEGED RAPE VICTIM CONCERNING CONVERSATIONS SHE HAD ABOUT HER TESTIMONY DURING A RECESS AND PROHIBITED CROSS-EXAMINATION OF AN OFFICER

---

[1] Appellant's brief fails to include a separate statement of the assignments of error as App.R. 16(A)(3) requires. Thus, we take the assignments of error from his brief's table of contents.

ABOUT A POLICE REPORT USED DURING TESTIMONY
AND TO PREPARE UNDER OHIO EVIDENCE RULE 612, IN
VIOLATION OF THE SIXTH AMENDMENT TO THE UNITED
STATES CONSTITUTION[.]"

FIFTH ASSIGNMENT OF ERROR:

"DR. NGUYEN'S CONVICTIONS AND SENTENCES ON THE RAPE,
KIDNAPPING AND AGGRAVATED BURGLARY [CHARGES]
VIOLATES [sic] THE DOUBLE JEOPARDY CLAUSE OF THE FIFTH
AMENDMENT TO THE U.S. CONSTITUTION[.]"

SIXTH ASSIGNMENT OF ERROR:

"THE TRIAL COURT ABUSED ITS DISCRETION IN
IMPOSING MAXIMUM CONSECUTIVE SENTENCES
WITHOUT ADEQUATE JUSTIFICATION[.]"

SEVENTH ASSIGNMENT OF ERROR:

"THE CONVICTIONS ARE NOT SUPPORTED BY
SUFFICIENT EVIDENCE AND ARE AGAINST THE
MANIFEST WEIGHT [OF THE EVIDENCE] IN VIOLATION
OF THE FOURTEENTH AMENDMENT TO THE UNITED
STATES CONSTITUTION[.]"

EIGHTH ASSIGNMENT OF ERROR:

"THE TRIAL COURT ERRED IN VIOLATION OF THE
FOURTEENTH AMENDMENT TO THE UNITED STATES
CONSTITUTION (DUE PROCESS) AND RULE 612 OF THE
OHIO RULES OF EVIDENCE WHEN IT PERMITTED THE
PROSECUTOR, UNDER THE GUISE OF REFRESHING A
WITNESS'S MEMORY, TO PUT BEFORE THE JURY
CONTENTS OF AN INADMISSIBLE DOCUMENT[.]"

NINTH ASSIGNMENT OF ERROR:

"THE TRIAL COURT ERRED WHEN IT EXCUSED JURORS,
EX PARTE, WITHOUT THE PRESENCE OF DEFENSE
COUNSEL OR DR. NGUYEN AND ONE FOR CAUSE,
VIOLATING DEFENDANT'S RIGHTS UNDER THE SIXTH
AND FOURTEENTH AMENDMENTS TO THE UNITED

STATES CONSTITUTION, R.C. 2945.27, ALONG WITH
RULES 24 & 43 OF THE OHIO RULES OF CRIMINAL
PROCEDURE[.]"

**{¶ 2}**   On May 26, 2009, the Athens County Grand Jury returned an indictment that

charged appellant with the aforementioned offenses.   He pled not guilty to all charges and the

matter proceeded to a trial over several days in August 2010.   A guilty verdict was returned on

all four offenses and the trial court sentenced appellant to serve ten year prison sentences on each

of the rape, kidnapping and aggravated burglary charges, with the sentences to be served

consecutively to one another.   The court also sentenced appellant to serve a five year term of

imprisonment for tampering with evidence, but ordered the sentence to be served concurrently

with the other three sentences for a total of thirty years imprisonment.   This appeal followed.

**{¶ 3}**   Before we can address the merits of the assignments of error, we must first

address a threshold jurisdictional issue.   Ohio courts of appeals have appellate jurisdiction over

final appealable orders.   See Section 3(B)(2), Article IV, Ohio Constitution.   If an appeal is not

based on a final order, an appellate court does not have jurisdiction to consider the matter and the

case must be dismissed.   Davison v. Reni (1996), 115 Ohio App.3d 688, 692, 686 N.E.2d 278;

Prod. Credit Assn. v. Hedges (1993), 87 Ohio App.3d 207, 621 N.E.2d 1360.   Furthermore, if

the parties do not raise jurisdictional issues on appeal, appellate courts are required to raise them

sua sponte.   In re Murray (1990), 52 Ohio St.3d 155, 159-160, 556 N.E.2d 1169, at fn. 2;

Whitaker-Merrell v. Geupel Co. (1972), 29 Ohio St.2d 184, 186, 280 N.E.2d 922.

**{¶ 4}**   In the case sub judice, the jurisdictional issue arises from the fact that two days

after the verdicts, appellant filed a lengthy Crim.R. 33 motion and asserted several reasons why

he is entitled to a new trial.   We, however, find nothing in either the original papers of this case or the docket of journal entries to show that the trial court ruled on that motion.

{¶ 5}   App.R. 4(B)(3) provides that in a criminal case, the time for filing a notice of appeal does not begin to run until an order is filed that denies a motion for new trial. Accordingly, as this Court has held numerous times, as long as a Crim.R. 33 motion for new trial remains pending, no final, appealable order exists.   State v. Moore, 188 Ohio App.3d 726, 936 N.E.2d 981, 2010-Ohio-1848, at ¶3, fn. 1; State v. Schofield, Washington App. Nos. 01CA36 & 02CA13, 2002-Ohio-6945, at ¶13, fn. 7; State v. Waulk, Ross App. No. 02CA2649, 2003-Ohio-11, at ¶9.   Consequently, until the trial court rules on appellant's pending motion for new trial, this court does not possess jurisdiction to consider this case.   Therefore, we hereby dismiss the appeal.[2]

APPEAL DISMISSED.

JUDGMENT ENTRY

It is ordered that the appeal be dismissed and that appellee recover of appellant the costs herein taxed.

The Court finds there were reasonable grounds for this appeal.

It is ordered that a special mandate issue out of this Court directing the Athens County Common Pleas Court to carry this judgment into execution.

If a stay of execution of sentence and release upon bail has been previously granted, it is continued for a period of sixty days upon the bail previously posted.   The purpose of said stay is to allow appellant to file with the Ohio Supreme Court an application for a stay during the pendency of the proceedings in that court.   The stay as herein continued will terminate at the expiration of the sixty day period.

---

[2] After remand, and if the parties so choose, so as to expedite the appellate process, the parties may agree to quickly submit their previously filed appellate briefs for our consideration.

The stay will also terminate if appellant fails to file a notice of appeal with the Ohio Supreme Court in the forty-five day period pursuant to Rule II, Sec. 2 of the Rules of Practice of the Ohio Supreme Court. Additionally, if the Ohio Supreme Court dismisses the appeal prior to the expiration of said sixty days, the stay will terminate as of the date of such dismissal.

A certified copy of this entry shall constitute that mandate pursuant to Rule 27 of the Rules of Appellate Procedure.

Kline, J. & McFarland, J.: Concur in Judgment & Opinion

For the Court

BY:_____

Peter B. Abele
Presiding Judge

**NOTICE TO COUNSEL**

Pursuant to Local Rule No. 14, this document constitutes a final judgment entry and the time period for further appeal commences from the date of filing with the clerk.