[Cite as *State v. Beyduk*, 2018-Ohio-1690.]

IN THE COURT OF APPEALS

TWELFTH APPELLATE DISTRICT OF OHIO

WARREN COUNTY

| | | |
|---|---|---|
| STATE OF OHIO, | : | CASE NO.  CA2017-10-144 |
| Plaintiff-Appellee, | : | |
| | : | O P I N I O N<br>4/30/2018 |
| -vs- | : | |
| | : | |
| ANDREY P. BEYDUK, | : | |
| Defendant-Appellant. | : | |

CRIMINAL APPEAL FROM WARREN COUNTY COURT
Case No. 2006CRB00086

David P. Fornshell, Warren County Prosecuting Attorney, 520 Justice Drive, Lebanon, Ohio 45036, for plaintiff-appellee

Engel & Martin, LLC, Mary K. Martin, 4660 Duke Drive, Suite 101, Mason, Ohio 45040, for defendant-appellant

**M. POWELL, J.**

{¶ 1}  Defendant-appellant, Andrey Beyduk, appeals a decision of the Warren County Court denying his motion for a new trial.

{¶ 2}  Appellant, a Russian citizen and United States legal permanent resident, was convicted of domestic violence in 2006 following a bench trial.  Ten years later, upon applying to become a United States citizen, appellant was informed by the United States Department of Homeland Security that he would be deported due to his domestic violence

conviction. Consequently, in April 2017, appellant filed a motion for leave to file a motion for a new trial ("motion for leave") pursuant to Crim.R. 33. Appellant argued that multiple prejudicial errors occurred at trial, to wit, (1) the trial court did not advise him of his right to have an interpreter and failed to provide him with an interpreter; (2) the trial court allowed appellant's wife, the alleged victim, to be an interpreter; (3) the trial court allowed appellant to waive his right to counsel without warning him that a conviction could have adverse immigration consequences; and (4) the state's case was based upon hearsay.

{¶ 3} A hearing on the motion for leave was held on May 23, 2017. During the hearing, the state informed the trial court that appellant's motion involved a two-step process, requiring the trial court to first determine whether to grant the motion for leave before a motion for a new trial could be filed. Upon inquiry from the trial court, defense counsel advised the court that the motion for a new trial would be based upon the same grounds and documentation as those of the motion for leave. The trial court then stated,

> Then I'm going to grant the initial motion for leave to file for the new trial and I will take under advisement the motion for new trial, based on the documents that have been filed by both [defense counsel] and the State.

{¶ 4} Subsequently, defense counsel orally moved for a new trial. The trial court then stated that the matter would be taken under advisement. The trial court did not journalize an entry reflecting that the motion for leave was granted. However, later that day, the trial court issued a judgment entry that simply stated, "Motion Overruled."

{¶ 5} On June 12, 2017, appellant filed a motion and supporting memorandum, asking the trial court "to issue findings of fact and conclusions of law for its decision of May 23, 2017 to overrule his motion for leave to file application for a new trial." On August 11, 2017, the trial court issued an "Order and Entry" comprised of three separate sections. As applicable to this appeal, the introductory section of the entry explained that "this matter came before the Court upon Defendant's Motion for Leave," "Defendant's Motion is based

on [the following] four issues," "This Court held a hearing on this matter on May 23, 2017," and "After the hearing, this Court reviewed all motions, responses, transcript and law presented. *This Court overruled the motion for leave* to file a motion for new trial. Defendant filed a request for findings of fact and conclusions of law." (Emphasis added.) Under the Proceedings heading, the trial court described in detail what happened at trial. Finally, under the Findings of Fact and Conclusions of Law heading, the trial court addressed and rejected each of the four issues raised by appellant before concluding, "Therefore, this Court overrules Defendant's motion."

{¶ 6} Appellant now appeals, raising one assignment of error:

{¶ 7} THE TRIAL COURT ERRED IN DENYING APPELLANT'S REQUEST FOR A NEW TRIAL.

{¶ 8} Appellant argues the trial court erred in denying his motion for a new trial. For the reasons that follow, we find that this court has no jurisdiction to review the merits of this appeal.

{¶ 9} A trial court's judgment entry denying a motion for leave to file a motion for a new trial is a final appealable order. *See State v. Morris*, 2d Dist. Montgomery Nos. 26949 and 26960, 2017-Ohio-1196; *State v. Collins*, 10th Dist. Franklin No. 01AP-394, 2001 Ohio App. LEXIS 4920 (Nov. 6, 2001); and *State v. Brooks*, 8th Dist. Cuyahoga No. 75522, 1999 Ohio App. LEXIS 3596 (Aug. 5, 1999). Likewise, a trial court's denial of a motion for a new trial is a final appealable order. *See State v. Moore*, 188 Ohio App.3d 726, 2010-Ohio-1848 (4th Dist.); *State v. Workman*, 12th Dist. Butler No. CA2002-12-302, 2003-Ohio-4242; and *Brooks* (finding that because trial courts have no duty to issue findings of fact and conclusions of law when denying a motion for a new trial in a criminal case, a trial court's denial of a motion for a new trial is a final appealable order).

{¶ 10} Whether the trial court's May 23, 2017 judgment entry succinctly overruling

appellant's motion was a denial of appellant's motion for leave or a denial of his motion for a new trial, the judgment entry was a final appealable order. Accordingly, appellant was required to file a notice of appeal within 30 days of the May 23, 2017 judgment entry. App.R. 3(A) and 4(A). Because appellant failed to do so, this court lacks jurisdiction to review the merits of this appeal. *See Collins.*

{¶ 11} Alternatively, we note that while appellant challenges the denial of his motion for a new trial on appeal, his argument is based entirely upon the erroneous premise that his motion for leave was granted. Likewise, the state's brief erroneously asserts that "the trial court granted Beyduk leave to file his motion for new trial and ultimately decided the motion against him on its merits." However, appellant's motion asking the trial court to issue findings of fact and conclusions of law to explain the basis of its May 23, 2017 judgment entry "overrul[ing] his motion for leave to file application for a new trial," treated the trial court's May 23, 2017 entry as denying his motion for leave, as did the trial court's August 11, 2017 Order and Entry.[1] Appellant does not challenge the denial of his motion for leave on appeal. Accordingly, the assignment of error, which addresses the merits of his motion for a new trial is moot, and we need not address it. *See State v. Jackson*, 8th Dist. Cuyahoga No. 105530, 2018-Ohio-276.

{¶ 12} Appeal dismissed.

HENDRICKSON, P.J., and RINGLAND, J., concur.

---

1. We are mindful that at the end of the hearing on appellant's motion for leave, the trial court stated, "Then I'm going to grant the initial motion for leave to file for the new trial and I will take under advisement the motion for new trial, based on the documents that have been filed by both [defense counsel] and the State." However, it is well-established that a court speaks only through its journal entries and not by oral pronouncement or through decisions. *State v. Halsey*, 12th Dist. Butler No. CA2014-10-211, 2015-Ohio-3405, ¶ 14. *See also State v. Smith*, 12th Dist. Butler No. CA2009-02-038, 2010-Ohio-1721, ¶ 59 (without a journal entry, a decision or finding of a court has no force or effect). Therefore, even though the trial court orally announced at the hearing that it was granting appellant's motion for leave, the court was free to change its mind and deny the motion for leave.