[Cite as *State v. Middlebrooks*, 2011-Ohio-4574.]

COURT OF APPEALS
TUSCARAWAS COUNTY, OHIO
FIFTH APPELLATE DISTRICT

| | | |
|---|---|---|
| STATE OF OHIO | : | JUDGES: |
| | : | |
| | : | Hon. W. Scott Gwin, P.J. |
| Plaintiff-Appellee | : | Hon. John W. Wise, J. |
| | : | Hon. Patricia A. Delaney, J. |
| -vs- | : | |
| | : | Case No. 2010 AP 08 0027 |
| ANTONIO MIDDLEBROOKS | : | |
| | : | |
| | : | |
| Defendant-Appellant | : | O P I N I O N |

CHARACTER OF PROCEEDING:     Appeal from the Tuscarawas County Court
                             of Common Pleas Case No. 2010 CR 01
                             003

JUDGMENT:                    AFFIRMED

DATE OF JUDGMENT ENTRY:      September 6, 2011

APPEARANCES:

For Plaintiff-Appellee:                   For Defendant-Appellant:

RYAN DANIEL STYER 0069730                 KEITH O'CORN 0069834
MICHAEL JOSEPH ERNEST 0066627             440 Polaris Parkway, Ste. 150
Tuscarawas County Prosecutor's Office     Westerville, Ohio 43082
125 E. High Avenue, P.O. Box 1007
New Philadelphia, Ohio 44663

*Delaney, J.*

{¶1} Defendant-Appellant, Antonio Middlebrooks, appeals from the judgment of the Tuscarawas County Common Pleas Court, convicting him of one count of possession of cocaine, a felony of the fifth degree, in violation of R.C. 2925.11. The State of Ohio is Plaintiff-Appellee.

{¶2} In late July or early August of 2009, Appellant resided at the residence of Daniel Weaver, at 716½ Fourth Street, New Philadelphia, Ohio. Appellant slept primarily in a big blue reclining chair in the living room. During the time that Appellant lived there, he would provide Weaver with crack cocaine.

{¶3} For approximately two days during the summer, a man named John Biles also resided in the residence. Biles was a friend of Appellant's. Weaver stated that he did not see Biles use or possess illegal drugs.

{¶4} Weaver was a regular user of crack cocaine at the time that Appellant lived with him, but he did not keep crack on hand. He would smoke it as soon as he purchased it. He did not have any cash and was unaware of $550.00 found in the blue recliner where Appellant slept.

{¶5} A search warrant was executed on Weaver's residence, wherein the above-referenced cash was found along with a baggie of what appeared to be cocaine. Upon further analysis, it was determined that the baggie contained 0.4 grams of cocaine.

{¶6} On January 15, 2010, Detective Charles Willett of the New Philadelphia Police Department interviewed Appellant. Later that day, he attempted to arrest Appellant in a Wendy's restaurant in New Philadelphia. Appellant immediately dropped

his food and ran upon sighting the detective. Appellant was subsequently apprehended and indicted on one count of Trafficking in Cocaine, a violation of R.C. 2925.03(A)(1) and one count of Possession of Cocaine, a violation of R.C. 2925.11(A). Prior to trial, the trafficking charge was dismissed.

{¶7} After trial, wherein the State presented the testimony of Daniel Weaver, Detective Mike Pierce, who was involved in the execution of the search warrant of Weaver's home, and Detective Charles Willett, who assisted in the search and in apprehending Appellant, the jury found Appellant guilty of possession of cocaine.

{¶8} It is from this judgment that Appellant now appeals, and raises five Assignments of Error:

{¶9} "I. THE INTRODUCTION OF PRIOR BAD ACT EVIDENCE AGAINST APPELLANT THAT HE POSSESSED AND GAVE MR. WEAVER CRACK COCAINE IN THE PAST VIOLATED EVID. R. 404(B), AND APPELLANT'S DUE PROCESS RIGHTS UNDER THE FEDERAL AND OHIO CONSTITUTIONS.

{¶10} "II. THE TRIAL COURT ABUSED ITS DISCRETION AND COMMITTED PLAIN ERROR WHEN IT (1) INCLUDED A FLEEING INSTRUCTION IN THE JURY CHARGE BUT (2) FAILED TO INCLUDE AN ACCOMPLICE INSTRUCTION OR THAT POWDER COCAINE WAS THE ALLEGED DRUG POSSESSED THEREBY VIOLATING THE 5TH AND 14TH AMENDMENTS TO THE U.S. CONSTITUTION AND ARTICLE I, SECTIONS 1, 10 & 16 OF THE OHIO CONSTITUTION.

{¶11} "III. THE TRIAL COURT ERRED BY CONVICTING APPELLANT OF POSSESSION OF DRUGS AS A FELONY OF THE FIFTH DEGREE WHEN THE

VERDICT FORM AT MOST SUPPORTED A CONVICTION FOR A MISDEMEANOR OF THE FIRST DEGREE UNDER R.C. 2945.75(A)(2).

{¶12} "IV. APPELLANT'S CONVICTION WAS BOTH AGAINST THE MANIFEST WEIGHT OF THE EVIDENCE AND WAS NOT SUPPORTED BY THE SUFFICIENCY OF THE EVIDENCE IN VIOLATION OF THE DUE PROCESS CLAUSE OF THE 14TH AMENDMENT TO THE CONSTITUTION, ARTICLE I, SECTIONS 1, 10 & 16 OF THE OHIO CONSTITUTION.

{¶13} "V. TRIAL COUNSEL RENDERED INEFFECTIVE ASSISTANCE OF COUNSEL IN VIOLATION OF THE 6TH AMENDMENT TO THE U.S. CONSTITUTION AND ARTICLE I, SECTIONS 10, 16 OF THE OHIO CONSTITUTION."

I.

{¶14} In his first assignment of error, Appellant argues that it was error for the trial court to allow the introduction of other acts evidence against Appellant.

{¶15} The admission or exclusion of evidence rests within the sound discretion of the trial court. Moreover, a determination as to whether evidence is unfairly prejudicial is left to the sound discretion of the trial court and will be overturned only if the discretion is abused. *State v. Robb* (2000), 88 Ohio St.3d 59, 68, 723 N.E.2d 1019. "As a legal term, 'prejudice' is simply "[d]amage or detriment to one's legal rights or claims." Black's Law Dictionary (8th Ed.1999) 1218.

{¶16} Extrinsic acts may not typically be used to suggest that the accused has the propensity to act in a certain manner. Evid.R. 404; *State v. Smith* (1990), 49 Ohio St.3d 137, 140, 551 N.E.2d 190. However, there are exceptions. Evid.R. 404(B) allows such evidence where it is offered to show "motive, opportunity, intent, preparation, plan,

knowledge, identity, or absence of mistake or accident." Additionally, R.C. 2945.59 provides, "In any criminal case in which the defendant's motive or intent * * * is material, any acts of the defendant which tend to show his motive or intent, the absence of mistake or accident on his part, or the defendant's scheme, plan, or system in doing the act in question may be proved, whether they are contemporaneous with or prior or subsequent thereto, notwithstanding that such proof may show or tend to show the commission of another crime by the defendant."

{¶17} In determining whether the admission of other acts evidence is unduly prejudicial, we must consider whether the evidence is offered for a proper purpose, ie., whether it is relevant; whether, when engaging in a 403 balancing, the probative value of the evidence substantially outweighs any potential for unfair prejudice; and whether the jury, upon request, is instructed that the evidence is only to be considered for the proper purpose for which the evidence was admitted. *Huddleston v. United States* (1988), 485 U.S. 681, 108 S.Ct. 1496.

{¶18} Appellant objects to evidence elicited from the State through the testimony of Daniel Weaver that Appellant supplied Weaver with crack cocaine. We do not find that this evidence was presented to show that Appellant was a drug dealer. Rather, it was used to show the prior relationship between Appellant and Weaver and their relationship at the time that the drugs were found. See *State v. Simpson*, 8th Dist. No.89158 , 2008-Ohio-3817.

{¶19} Accordingly, Appellant's first assignment of error is overruled.

II.

{¶20} In Appellant's second assignment of error, he argues that the trial court erred in failing to include an accomplice instruction or a clarification that Appellant was charged with possession "powder" cocaine. He also argues that the trial court erred by including a fleeing instruction. We disagree.

{¶21} Ohio courts have affirmed the use of an instruction on flight as evidence of consciousness of guilt. *State v. Hand*, 107 Ohio St.3d 378, 2006-Ohio-18, 840 N.E.2d 151; *State v. Alexander* (Feb. 26, 1987), 8th Dist. No. 51784.

{¶22} Appellant fled immediately upon seeing Detective Willett at Wendy's. He had spoken with the detective earlier in the day, so it is reasonable to conclude that he knew why Detective Willett was looking for him. As such, the flight instruction was appropriate.

{¶23} Regarding Appellant's contention that instructions on being an accomplice and on the type of cocaine that he was alleged to have possessed should have been included, we would note that Appellant did not object to the jury instructions given to the jury. Moreover, Appellant has failed to indicate at what point in the record defense counsel asked for these instructions as required by App. R. 16(A)(7).

{¶24} We will address Appellant's argument under a plain error standard of review. *State v. Hill* (2001), 92 Ohio St.3d 191, 196, 749 N.E.2d 274, 279; Crim. R. 52(B). "Notice of plain error under Crim.R. 52(B) is to be taken with the utmost caution, under exceptional circumstances and only to prevent a manifest miscarriage of justice." *State v. Long* (1978), 53 Ohio St.2d 91, paragraph three of the syllabus, 372 N.E.2d 804. Plain error will not be found absent a showing by Appellant that "but for the error,

the outcome of the trial clearly would have been otherwise." *State v. Williams*, 99 Ohio St.3d 439, 458, 2003-Ohio-4164, at ¶ 40, quoting *Long*, supra, at paragraph two of the syllabus.

{¶25} The judge instructed the jury on possession of cocaine. Appellant has failed to offer a reason as to why a distinction should be made regarding whether Appellant possessed powder or crack cocaine. As such, we find no error, plain or otherwise, in not including this instruction.

{¶26} Moreover, we find no error in the trial court's decision not to sua sponte include an instruction on accomplice liability. No evidence was presented that Daniel Weaver possessed the cocaine at issue in this case.

{¶27} Appellant's second assignment of error is overruled.

III.

{¶28} In his third assignment of error, Appellant argues that the court erred by convicting Appellant of possession of drugs, a felony of the fifth degree, because the verdict form was defective pursuant to R.C. 2945.75(A)(2). We disagree.

{¶29} R.C. 2945.75(A)(2) provides:

{¶30} "When the presence of one or more additional elements makes an offense one of more serious degree[,] * * * [a] guilty verdict shall state either the degree of the offense of which the offender is found guilty, or that such additional element or elements are present. Otherwise, a guilty verdict constitutes a finding of guilty of the least degree of the offense charged."

{¶31} Appellant additionally argues that under *State v. Pelfrey*, 112 Ohio St.3d 422, 2007-Ohio-256, 860 N.E.2d 735, the verdict form must either include the degree of

the offense or a statement that an aggravating element has been found to justify convicting him of a greater degree of a criminal offense. In the present case, Appellant asserts therefore that the verdict form did not specify the level of the offense, the section of the revised code that was violated, and/or an additional element that would raise the level of offense.

{¶32} Appellant was charged with possession of drugs in violation of R.C. 2925.11. There is no "catch-all" provision for this code section, as Appellee points out. R.C. 2925.11. Merely because there are different levels of offenses contained within one statute does not mean that the statute is subject to the language of R.C. 2945.75. See *State v. Pelfrey*, 112 Ohio St.3d 422, 2007-Ohio-256, 860 N.E.2d 735.

{¶33} Each separate drug offense has a lowest level of offense. The lowest level of offense for possession of cocaine is a felony of the fifth degree. R.C. 2925.11. The misdemeanor provision of R.C. 2925.11 applies only to schedule III, IV, and V drugs. R.C. 2925.11(C)(2)(a). Cocaine is not a schedule III, IV, or V drug. *State v. Pace*, 10th Dist. No. 10AP-547, 2011-Ohio-1335.

{¶34} Accordingly, we do not find the verdict form to have been signed in contradiction to R.C. 2945.75 or *Pelfrey*. *State v. Pace*, 10th Dist. No. 10AP-547, 2011-Ohio-1335.

{¶35} Appellant's third assignment of error is overruled.

IV.

{¶36} In Appellant's fourth assignment of error, he argues that his conviction was not supported by sufficient evidence and that it was against the manifest weight of the evidence.

{¶37} When reviewing a claim of sufficiency of the evidence, an appellate court's role is to examine the evidence admitted at trial to determine whether such evidence, if believed, would convince the average mind of the defendant's guilt beyond a reasonable doubt. *State v. Jenks* (1991), 61 Ohio St.3d 259, 574 N.E.2d 492. Contrary to a manifest weight argument, a sufficiency analysis raises a question of law and does not allow the court to weigh the evidence. *State v. Martin* (1983), 20 Ohio App.3d 172, 175. The relevant inquiry is whether, after viewing the evidence in a light most favorable to the prosecution, "any rational trier of fact could have found the essential elements of the crime proven beyond a reasonable doubt." *State v. Thompkins,* 78 Ohio St.3d 380, 386, 1997-Ohio-52, 678 N.E.2d 541.

{¶38} Conversely, when analyzing a manifest weight claim, this court sits as a "thirteenth juror" and in reviewing the entire record, "weighs the evidence and all reasonable inferences, considers the credibility of witnesses, and determines whether in resolving conflicts in the evidence, the jury clearly lost its way and created such a manifest miscarriage of justice that the conviction must be reversed." *State v. Thompkins* (1997), 78 Ohio St.3d 380, 387, 678 N.E.2d 541, 548, quoting *State v. Martin* (1983), 20 Ohio App.3d 172, 175.

{¶39} In order to convict Appellant of possession of drugs, the State had to prove that Appellant knowingly possessed illegal drugs, in this case, cocaine. When

viewing the evidence in the light most favorable to the prosecution, we find that sufficient evidence was presented to support Appellant's conviction. Possession can be either actual or constructive. Constructive possession exists when a person knowingly exercises dominion and control over an object, even though the object might not be within his immediate possession. *State v. Hankerson* (1985), 70 Ohio St.2d 87, 434 N.E.2d 1362.

{¶40} Weaver testified that Appellant lived in Weaver's house and that he slept almost exclusively in the blue recliner in the living room. When the search warrant was executed, the officers found $550.00 in the chair. Weaver said he had no knowledge of the money that was in the chair. Officers also found cocaine in a baggie in that chair. Moreover, evidence was presented that Appellant fled upon finding out that he was about to be arrested.

{¶41} Moreover, Appellant has not pointed us to any evidence indicating that the jury lost its way. The trier of fact was within its purview to weigh the credibility of witnesses and to find that Appellant possessed cocaine.

{¶42} Appellant's fourth assignment of error is overruled.

V.

{¶43} In Appellant's fifth assignment of error, he argues that he did not receive the effective assistance of counsel at trial. We disagree.

{¶44} To succeed on a claim of ineffectiveness, a defendant must satisfy a two-prong test. Initially, a defendant must show that his trial counsel acted incompetently. *Strickland v. Washington* (1984), 466 U.S. 668, 104 S.Ct. 2052. In assessing such claims, "a court must indulge a strong presumption that counsel's conduct falls within

the wide range of reasonable professional assistance; that is, the defendant must overcome the presumption that, under the circumstances, the challenged action 'might be considered sound trial strategy.'" Id. at 689, quoting *Michel v. Louisiana* (1955), 350 U.S. 91, 101, 76 S.Ct. 158, 164.

{¶45} "There are countless ways to provide effective assistance in any given case. Even the best criminal defense attorneys would not defend a particular client in the same way." *Strickland*, 466 U.S. at 689. The question is whether counsel acted "outside the wide range of professionally competent assistance." Id. at 690.

{¶46} Even if a defendant shows that his counsel was incompetent, the defendant must then satisfy the second prong of the *Strickland* test. Under this "actual prejudice" prong, the defendant must show that "there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." *Strickland*, 466 U.S. at 694.

{¶47} When counsel's alleged ineffectiveness involves the failure to pursue a motion or legal defense, this actual prejudice prong of *Strickland* breaks down into two components. First, the defendant must show that the motion or defense "is meritorious," and, second, the defendant must show that there is a reasonable probability that the outcome would have been different if the motion had been granted or the defense pursued. See *Kimmelman v. Morrison* (1986), 477 U.S. 365, 375, 106 S.Ct. 2574, 2583; see, also, *State v. Santana* (2001), 90 Ohio St.3d 513, 739 N.E.2d 798 citing *State v. Lott* (1990), 51 Ohio St.3d 160, 555 N.E.2d 293.

{¶48} A claim of trial counsel ineffectiveness usually will be unreviewable on appeal because the appellate record is inadequate to determine whether the omitted

objection or motion really had merit and/or because the possible reasons for counsel's actions appear outside the appellate record. *United States v. Galloway* (C.A.10, 1995), 56 F.3d 1239, 1240 (en banc) ("Such claims brought on direct appeal are presumptively dismissible, and virtually all will be dismissed."; "A factual record must be developed in and addressed by the district court in the first instance for effective review."). No interlocutory remand will be allowed to develop the record. Id.

{¶49} Ohio law similarly recognizes that error cannot be recognized on appeal unless the appellate record actually supports a finding of error. A defendant claiming error has the burden of proving that error by reference to matters in the appellate record. *Knapp v. Edwards Laboratories* (1980), 61 Ohio St.2d 197, 199, 400 N.E.2d 384. "[T]here must be sufficient basis in the record * * * upon which the court can decide that error." *Hungler v. Cincinnati* (1986), 25 Ohio St.3d 338, 342 (emphasis sic).

{¶50} In *Massaro v. United States* (2003), 538 U.S. 500, 123 S.Ct. 1690, 155 L.Ed.2d 714, the United States Supreme Court emphasized the general unreviewability of trial counsel ineffectiveness claims on direct appeal.

{¶51} "When an ineffective-assistance claim is brought on direct appeal, appellate counsel and the court must proceed on a trial record not developed precisely for the object of litigating or preserving the claim and thus often incomplete or inadequate for this purpose. * * *

{¶52} "The evidence introduced at trial * * * will be devoted to issues of guilt or innocence, and the resulting record in many cases will not disclose the facts necessary to decide either prong of the Strickland analysis. * * *

{¶53} "If the alleged error is one of commission, the record may reflect the action taken by counsel but not the reasons for it. The appellate court may have no way of knowing whether a seemingly unusual or misguided action by counsel had a sound strategic motive or was taken because the counsel's alternatives were even worse. * * * The trial record may contain no evidence of alleged errors of omission, much less the reasons underlying them." *Massaro*, supra.

{¶54} Appellant first argues that counsel was ineffective because it failed to object to the admission of a State's exhibit of the controlled substance on the grounds that the State did not establish chain of custody. The reasoning for counsel's failure to object is a matter outside of the record, and therefore is not ripe for review. However, we would note that issues surrounding chain of custody go to weight, not admissibility of evidence. *State v. Justice*, 5th Dist. No.10 CA 41, 2011-Ohio-4004, citing *State v. Blevins* (1987), 36 Ohio App.3d 147, 521 N.E.2d 1105.

{¶55} Appellant next argues that counsel was ineffective for failing to request an instruction related to "powder" cocaine. Again, this is a matter outside of the record and therefore not appropriate for review on direct appeal. However, we would note that the jury instruction given to the jury was an accurate reflection of the law, and no error could be found in submitting such an instruction to the jury.

{¶56} Finally, Appellant argues that counsel was ineffective for failing to object to testimony that Appellant was expected to be found at Weaver's residence upon the execution of the search warrant. Appellant has failed to state how this prejudiced Appellant's case. Moreover, this is a matter again, that is outside of the record, and therefore not appropriate for review on direct appeal.

{¶57} Based on the foregoing, we do not find that Appellant has demonstrated ineffective assistance of counsel, nor has he demonstrated that any of counsel's actions or inactions prejudiced him so that the outcome of the trial would have been different but for counsel's actions.

{¶58} Appellant's fifth assignment of error is overruled.

{¶59} For the foregoing reasons, the judgment of the Tuscarawas County Court of Common Pleas is affirmed.

By: Delaney, J.

Gwin, P.J. and

Wise, J. concur.

_____
HON. PATRICIA A. DELANEY

_____
HON. W. SCOTT GWIN

_____
HON. JOHN W. WISE

[Cite as *State v. Middlebrooks*, 2011-Ohio-4574.]

IN THE COURT OF APPEALS FOR TUSCARAWAS COUNTY, OHIO

FIFTH APPELLATE DISTRICT

| | | |
|---|---|---|
| STATE OF OHIO | : | |
| | : | |
| Plaintiff-Appellee | : | |
| | : | |
| | : | |
| -vs- | : | JUDGMENT ENTRY |
| | : | |
| ANTONIO MIDDLEBROOKS | : | |
| | : | |
| Defendant-Appellant | : | Case No. 2010 AP 08 0027 |
| | : | |

For the reasons stated in our accompanying Memorandum-Opinion on file, the judgment of the Tuscarawas County Court of Common Pleas is affirmed. Costs assessed to Appellant.

_____

HON. PATRICIA A. DELANEY

_____

HON. W. SCOTT GWIN

_____

HON. JOHN W. WISE